UNITED STATES, Appellee

v

STANLEY J. TOMASZEWSKI, Technical Sergeant, U. S. Air Force, Appellant

8 USCMA 266, 24 CMR 76

No. 9760

Decided September 27, 1957

*Major George M. Wilson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb*.

*Captain John W. Fahrney* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Francis P. Murray* and *Lieutenant Colonel Robert W. Michels*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused, a sergeant with almost nineteen years' service in the military, was tried and convicted by a general court-martial of three specifications of larceny from the Air Force Aid Society. At the trial, he was represented by individual military counsel and appointed defense counsel, both of whom were certified as competent to perform legal duties in a general court-martial.

During an out-of-court hearing on a defense objection to a deposition offered by the prosecution, the law officer questioned the accused. In the course of this examination, the accused testified that he had had no counsel at the pretrial investigation under Article 32, Uniform Code of Military Justice, 10 USC § 832. He said that he was advised by the investigating officer that he could "have an officer, not a lawyer" for counsel; consequently, he told the investigating officer that "it was no use having just any officer sitting here on this investigation." He declined to exercise his right to counsel.

Paradoxically, over defense counsel's objection, the point was picked up by trial counsel and made the subject of further examination. Finally, defense counsel, "In view of the evidence . . . raised in this out-of-court hearing," objected to the Article 32 investigation because the accused was deprived of his right to qualified counsel. The investigating officer was called as a witness. He testified that this was his first investigation. He was advised by a sergeant of the procedure to follow and that "all the lawyers were busy," and, thus, if the accused wanted counsel, "he would get an officer." As a result, in advising the accused of his Article 32 rights, he informed him that if he requested counsel, "they possibly could not give him a lawyer but he would have a lawyer during the trial."

On review, a board of review found

267

that the accused had not "knowingly elected to proceed without counsel." It, therefore, held that error had been committed during the pretrial investigation. However, it concluded that the error did not prejudice the accused. We granted review on the following issue:

"Whether advising the accused that he could not have qualified counsel at the Article 32 hearing was prejudicial."

Article 32 provides that no specification shall be referred to a general court-martial for trial until a thorough and impartial investigation has been made of the matters it sets forth. At the investigation, the accused has the right to be represented "by counsel." He may be represented by "civilian counsel if provided by him, or military counsel of his own selection if . . . reasonably available, or by counsel detailed by the officer exercising general court-martial jurisdiction over the command." These provisions are discussed in paragraph 34c(3) of the Manual for Courts-Martial, United States, 1951. It is there noted that, if the accused desires counsel, and selects neither civilian counsel nor particular military counsel, the general court-martial authority:

". . . will detail a *competent* officer to represent the accused as counsel at the investigation; . . . It may be appropriate for the officer exercising general court-martial jurisdiction to designate a permanent pretrial counsel to act in all cases arising within a particular area or at a particular station, thus avoiding delay in investigations. For example, the regularly appointed defense counsel and assistant defense counsel of the general court-martial appointed to sit at a particular station may be designated as pretrial counsel." [Emphasis supplied.]

The Government contends that, under Article 32 of the Uniform Code and paragraph 34c of the Manual, the "counsel" appointed to represent the accused need not be a lawyer, but only a "competent officer." Conversely, appellate defense counsel maintains that these provisions require the appointment of a member of the bar or a person qualified within the meaning of Article 27 (b), Uniform Code, 10 USC § 827, as "competent" to practice law in the courts-martial system. Careful consideration of Article 32 and its relation to other provisions of the Uniform Code indicates that defense counsel's contentions are correct. The investigation is required only for a charge referred to a general court-martial for trial, and at such trial the accused is entitled to a lawyer in the professional sense. Article 27(b), supra. In this respect, the investigation operates as a discovery proceeding for the accused. United States v Allen, 5 USCMA 626, 18 CMR 250. It would defeat that purpose if a person unskilled in the requirements of proof, or knowledge of legal defenses, represents the accused. Judge Latimer adverted to this tendency in his opinion in United States v McMahan, 6 USCMA 709, 718, 21 CMR 31. He there said:

". . . Because we must afford each accused the benefit of legislation sanctioning the presence of counsel during the Article 32 hearing, we have had occasion earlier to frown on 'attempts to whittle it away by merely going through the formality of filling in the blank spaces on a form.' United States v Parker, supra. In the present case we find testimony from which it may be inferred that the accused was present while some of the statements were obtained, but being untrained in legal proceedings or tactics, he could not hope to develop any leads from, or weaknesses in, the testimony of the Government witnesses. *Had a lawyer been selected to probe into these possibilities, the defense attorney at the ensuing court-martial trial might well have been the beneficiary of some material which would have been of benefit to his client.*" [Emphasis supplied.]

The same view is necessarily implied in the decision of the board of review in this case. It has also been noted by some writers on military law. Everett, Military Justice in the Armed Forces of the United States, pages 169–172.

A further close connection between

the pretrial investigation and a general court-martial trial appears in regard to the use of testimony adduced at the former. In United States v Eggers, 3 USCMA 191, 11 CMR 191, we held that, if an investigating officer maintains a verbatim record of testimony, a transcript of that testimony is admissible in evidence against the accused at the trial if the witness is unable to appear and testify in person for a reason specified in Article 49, Uniform Code, 10 USC § 849. However, testimony taken outside the court room is inadmissible in a general court-martial if, at the taking, the accused was deprived of representation by a qualified lawyer. United States v Drain, 4 USCMA 646, 16 CMR 220.

In practical terms, therefore, Article 32 unquestionably requires the appointment of a lawyer to represent the accused. To offset these strong considerations, the Government refers to the explanation given to the House of Representatives of the meaning of the Uniform Code by the Honorable Overton Brooks, Chairman of the Subcommittee of the House Armed Services Committee, which conducted the hearings on the original bill to provide for the Uniform Code. This explanation is as follows:

"Among the provisions designed to insure a fair trial are the following:

GENERAL COURTS MARTIAL

"First. A pretrial investigation is provided, at which the accused is entitled to be present with counsel to cross-examine available witnesses against him and to present evidence in his own behalf.

．　　．　　．　　．　　．

"Third. A mandatory provision for a competent, legally trained counsel at the trial for both the prosecution and the defense.

．　　．　　．　　．　　．

"Ninth. A provision for an automatic review of the trial record for errors of law and of fact by a board of review with the right of the accused to be represented by legally competent counsel." [95 Cong Rec 5720.]

We find nothing in Congressman Brook's explanation to militate against the language and the obvious purposes of Article 32. It does nothing more than rephrase the language of the Uniform Code; and the omission of the words "legally trained" or "legally competent" from the first paragraph of his enumeration does not indicate an intention by the draftsmen to limit the accused's representation at the investigation to a nonlawyer.

A statute must be construed so as to give full effect to its manifest purpose. United States v Merritt, 1 USCMA 56, 1 CMR 56. The Article 32 investigation is a judicial proceeding. United States v Nichols, 8 USCMA 119, 23 CMR 343. It is required for every charge referred to trial by a general court-martial. From the standpoint of preliminary preparation, it is fundamentally a part of a general court-martial case. In short, the connection between the investigation and the trial itself is so close that we are of the opinion that Congress did not intend to differentiate between the two in regard to the qualifications of counsel appointed for the accused. We conclude, therefore, that the accused is entitled to be represented at the investigation by the same kind of counsel to which he is entitled at the trial, namely, counsel qualified within the meaning of Article 27(b).

The right to counsel at the Article 32 investigation can be waived. United States v Allen, supra; United States v McCormick, 3 USCMA 361, 12 CMR 117. It follows, therefore, that the accused can consent to be represented at the pretrial investigation by a nonlawyer, provided he is fully informed of, and understands, his right to have a qualified lawyer appointed to represent him. Here, the board of review found that the accused did not knowingly waive his right to qualified counsel. There is substantial evidence to support that conclusion. In view of that finding and the timely objection to

269

the Article 32 investigation, the board of review should have set aside the findings of guilty and the sentence. United States v Nichols, supra. Reversal is particularly required because the investigating officer was permitted to testify to an incriminating statement made to him by the accused. See United States v Gunnels, 8 USCMA 130, 23 CMR 354. The board of review believed that the investigating officer's testimony could not have had any measurable impact on the court members because a full confession by the accused "was already in evidence." However, it overlooked the fact that the voluntariness of the confession was in substantial dispute. Exclusive of counsel's argument, the record contains 45 pages of testimony on that point. The court members were instructed that they could refuse to consider the accused's pretrial statement as evidence if they determined that it was involuntary. But, with the inadmissible statement to the investigating officer before them, there is much more than a fair risk that they were influenced in their deliberations on that issue.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside. The record of trial is returned to The Judge Advocate General of the Air Force for reference to the convening authority who, in his discretion, may dismiss the charges or order another investigation in accordance with the requirements of Article 32. He may take such other proceedings, including a rehearing, as may be justified by the investigating officer's report and the evidence.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

In several instances, I have expressed the view that it is particularly desirable to have a qualified lawyer ▮▮▮▮ represent an accused at an Article 32 investigation. I have no intention of retreating from that position, but I call attention to the fact that there is a substantial difference between desirability and legal compulsion. There are three separate

departments of Government, and Congress legislates on the rights and privileges granted to an accused. Our function is to interpret the law as Congress passed it, not to construe it to our own liking. It may well be that Congress intended to give an accused a qualified lawyer to represent him at the pretrial investigation but, if so, it did not speak out on the subject, and the history of military law argues to the contrary. Certainly, it is only because I do not believe the Code grants the accused that right that I dissent.

I believe that if the history of the right to legally qualified counsel in the military courts is traced, it will establish that Congress has greatly enlarged the privilege of an accused to be furnished a legally trained adviser but still has not gone to the length decreed by my associates. I shall start my historical development by quoting from Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint. On page 165 of his well-regarded book, Colonel Winthrop states this with regard to the right of counsel:

"THE ADMISSION A PRIVILEGE, NOT A RIGHT. General Order, No. 29, of 1890, now requires commanders of posts, where general courts-martial are convened, to detail, at the request of an accused, a 'suitable officer' as his counsel, if practicable. But in general it is to be said that the admission of counsel for the accused in military cases, is not a right but a privilege only, but yet a privilege almost invariably acceded and as a matter of course; and this whether the counsel proposed to be introduced be a military or civil, professional or unprofessional person."

At that time, the privilege was of limited benefit, for the early rule was that counsel was not permitted to indulge in oral communication, to cross-examine witnesses, or to address the court. Winthrop mentions this limitation but goes on to say that in courts-martial of the United States a more liberal rule was accepted. On page 166 of his book on military law he states:

"As to the practice before courts-

270

martial of the United States,—while the doctrine in question is strictly laid down in the treatises and in sundry Orders, the actual procedure has become much more indulgent and reasonable; not merely military but professional counsel being in general permitted to examine the witnesses and address the court without objection on the part of the members. Occasionally indeed the old rule is insisted upon at the outset, though relaxed later; but more frequently much the same license is allowed at all stages as at an ordinary criminal trial, subject, however, to a restriction of the privilege when counsel by their prolixity, captiousness, disrespectful manner, or other objectionable trait, fatigue or displease the court. Thus, in practice, the old rule is mainly held in reserve, to be enforced by the court at its discretion in exceptional cases. Objection to the reading of the final address, or to a closing oral or written argument by the counsel, is now of the rarest occurrence."

In the American Articles of War of 1874, it would appear that no one interpreted the term counsel to mean more than someone to advise with. At that time, the prosecutor, who was not necessarily a lawyer, was authorized to be counsel for an accused. Article 90 of those Articles of War provided:

"The judge advocate, or some person deputed by him, or by the general or officer commanding the army, detachment, or garrison, shall prosecute in the name of the United States, but when the prisoner has made his plea, he shall so far consider himself counsel for the prisoner as to object to any leading question to any of the witnesses, and to any question to the prisoner, the answer to which might tend to criminate himself."

Skipping over the years to 1917, I notice that Article of War 17 published in the 1917 Manual gave the accused the right to be represented by counsel of his own choice. That Article provides:

"JUDGE ADVOCATE TO PROSECUTE.—The judge advocate of a general or special court-martial shall prosecute in the name of the United States, and shall, under the direction of the court, prepare the record of its proceedings. The accused shall have the right to be represented before the court by counsel of his own selection for his defense, if such counsel be reasonably available, but should he, for any reason, be unrepresented by counsel, the judge advocate shall from time to time throughout the proceedings advise the accused of his legal rights."

Insofar as the meaning of the word counsel as used in that Article is concerned, the provisions of the 1917 Manual are illuminating, for paragraph 108 provides:

"*Appointment.*—The accused shall have the right to be represented before a general or special court-martial by counsel of his own selection, for his defense, if such counsel be reasonably available. (A.W. 17.) Civilian counsel will not be provided at the expense of the Government. (Digest, p. 506, V, G, 5.) Should the accused request the appointment as his counsel of an officer stationed at the station where the court sits, and such officer be not a member of the court, the commanding officer will appoint such officer as counsel if he is reasonably available. Should the commanding officer decide that the officer desired by the accused is not reasonably available, the accused may appeal to the officer appointing the court, whose decision shall be final. If the counsel desired by the accused is not under the control of the commanding officer where the trial is held, application for counsel will be submitted by the accused in writing to the appointing authority, whose decision as to whether the officer desired is 'reasonably available' is final. *Officers of the Judge Advocate General's Department are not available for appointment as counsel for the defense in trials by courts-martial.*" [Emphasis supplied.]

The foregoing authorities are cited by me to show that from the very beginning of military law, Congress has used the term counsel without ever in-

tending to have it interpreted to mean legally qualified lawyers. That its meaning was much broader is evidenced by the many old-line officers who have been detailed to represent persons tried by general courts-martial. I, therefore, conclude that if the word counsel has become a word of art in military law, it means no more than an officer of any branch of the service.

Passing on to recent enactments, it appears that in 1920, Article of War 70, the grandfather clause to the present Article 32 investigation, was enacted. It provided:

"No charge will be referred for trial until after a thorough and impartial investigation thereof shall have been made. This investigation will include inquiries as to the truth of the matter set forth in said charges, form of charges, and what disposition of the case should be made in the interest of justice and discipline. At such investigation full opportunity shall be given to the accused to cross-examine witnesses against him if they are available and to present anything he may desire in his own behalf either in defense or mitigation, and the investigating officer shall examine available witnesses requested by the accused. If the charges are forwarded after such investigation, they shall be accompanied by a statement of the substance of the testimony taken on both sides."

While the rights to cross-examine a witness and present testimony in his own behalf were granted to the accused, most certainly by that enactment he was not entitled to have a legally trained lawyer appointed to represent him. At that time, Article of War 11 made provision for the appointment of trial and defense counsel in both general and special court-martial cases, but, so far as I have been able to ascertain, an accused never has had the absolute right to have a legally qualified lawyer appointed to represent him before a court-martial of limited jurisdiction, and prior to the Uniform Code of Military Justice, the practice was to appoint nonlawyers.

With the passage of the Elston Act, new provisions were made and, pursuant to Article of War 46(b), an accused was entitled to representation by counsel at his pretrial investigation. Article of War 46(b), 10 USC § 1517; paragraph 35a, Manual for Courts-Martial, U. S. Army, 1949. The requirement for representation by counsel at trial was continued but, in addition, it was provided that representation before general courts-martial should be by an attorney, if available, and that in any court-martial, when trial counsel was legally qualified, then defense counsel must be also. Article of War 11, 10 USC § 1482; paragraph 43, Manual for Courts-Martial, U. S. Army, 1949. Here for the first time was mention made that counsel must be an attorney and even then a legally trained lawyer need only be appointed when certain conditions were present. Under acceptable rules of construction, I would conclude that when Congress used the word counsel generally, and then specifically provided that legal qualifications were only necessary in certain instances, it evinced an intent not to require the use of specially trained lawyers except when specifically mentioned.

With this backdrop, I pass on to consider the present provisions of the Code and the Manual, and I believe a careful reading thereof is dispositive of our question. Article 27 of the Uniform Code of Military Justice, 10 USC § 827, requires representation by attorneys before general courts-martial, and by counsel before special courts-martial, but if trial counsel before a special court be a lawyer, then so also defense counsel must be similarly qualified. If the word counsel meant legally trained persons in a special court-martial, then the whole provision requiring defense counsel to be a lawyer if trial counsel has those qualifications would be redundant. While the Code is otherwise silent regarding the legal training of special court-martial counsel, the implications from the language of the Code are so great that by any reasonable interpretation, the word counsel was used by Congress as it had always been used in the Articles of War. My construction is supported by paragraph

272

6c, Manual for Courts-Martial, United States, 1951, which states that any officer not disqualified by prior participation in the same case may be appointed defense counsel in a special court-martial trial. One would be hard put to hold that provision to be in conflict with the Code or with the principles of military law.

Thus it is clear that Congress exercised considerable care in spelling out those instances wherein it believed legally trained persons must be appointed. But Article 32(b) of the Code only requires representation—if desired by accused—by counsel at the pretrial investigation; no qualifications are there spelled out. Paragraph 34b of the Manual merely reiterates that an accused is entitled to counsel at the investigation "as provided in Article 32." Therefore, it would seem that neither Congress, in enacting the Uniform Code of Military Justice, nor the framers of the Manual in its preparation, were of the opinion that representation by an attorney was to be required at a pretrial investigation, for in those areas where they desired to impose that requirement, they have expressly so specified, and here they have not.

For the foregoing reasons—and quite apart from any personal views I may entertain as to the desirability of such a provision or the advantages it would afford an accused—I conclude that there presently is no requirement to appoint a legally trained lawyer to assist an accused in the pretrial hearing. In that connection, it must not be overlooked that the Code must operate in times of war and peace, and the obligation to furnish lawyers for pretrial investigations during combat saddles a burden on the Government which may be unbearable. Furthermore, while my historical development has only dealt with the Articles of War, the present Code affects all services, and the Navy Department, which had no previous requirement for pretrial investigations, is now compelled to hold that type of hearing. For it to furnish legally trained personnel will be difficult. Moreover, when consideration is given to the fact that the investigating officer is not required to be a lawyer, such a requirement with regard to counsel is hardly compelled. The net of all this is that Congress has not seen fit to provide for it specifically, and we should not impose the requirement in the absence of specific legislation.

In reaching my result, I have not overlooked the fact that an Article 32 investigation is required only for charges referred to a general court-martial for trial, whereat an accused is entitled to an attorney. I merely point out that it is not until after the investigation has been completed that it is determined to what type court charges shall be referred—if they are to be referred at all—and thus the impact of the Court's opinion is to require that a lawyer represent the accused at all investigations, even though in those instances where charges are referred to an inferior court, the advice of unqualified counsel at trial will suffice. Moreover, in subsection (d), Congress prescribed that the failure to comply with the provisions of Article 32 would not be jurisdictional error. I am certain that had Congress intended to grant an accused a qualified lawyer to represent him at that hearing, no such provision would have been enacted, for, in the case of a general court-martial, where Congress has provided for a qualified lawyer and one is denied the accused, the court is not legally constituted and that is jurisdictional error.

Nor am I deterred by the argument raised by my associates that the transcribed investigation proceedings can be used against an accused if Article 49 of the Code is satisfied. Assuming without deciding that they interpret properly United States v Eggers, 3 USCMA 191, 11 CMR 191, I feel no need for concern, since in those instances where an accused is deprived of the services of an attorney at the investigation, the transcription could not be introduced by the prosecution in a general court-martial. See United States v Drain, 4 USCMA 646, 16 CMR 220.

Since the accused had no absolute right to be represented by a qualified attorney at his pretrial investigation,

**273**

then, of course, we should not overturn his conviction.

I would affirm the decision of the board of review.