## UNITED STATES, Appellant and Cross-Appellee

v

## ROBERT J. REYNOLDS, Airman Second Class, U. S. Air Force, Appellee and Cross-Appellant

### 9 USCMA 328, 26 CMR 108

No. 11,004

Decided June 6, 1958

*Captain Lawrence J. Gross* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

*Captain Norman J. Nelson* argued the cause for Appellee, Accused. With him on the brief were *Miss Madeline E. DeFina* and *Lieutenant Colonel Ellis L. Gottlieb.*

ROBERT E. QUINN, Chief Judge:

Pursuant to Article 67(b) of the Uniform Code of Military Justice, 10 USC § 867, The Judge Advocate General of the Air Force certified this case for review on the same issue certified in United States v Mickel, 9 USCMA 324, 26 CMR 104. The accused was represented at the Article 32 investigation by appointed counsel who was a member of the bar of the highest court of the State of Kansas, but not yet certified by The Judge Advocate General within the meaning of Article 27(b) of the Uniform Code, 10 USC § 827. The board of review held that since counsel was not qualified within the meaning of the Article, the accused was denied military due process.

A lawyer is generally qualified to practice before a court-martial. United States v Nichols, 8 USCMA 119, 23 CMR 343. The committee hearings on the Uniform Code and the debate on the bill in both houses of Congress indicate that the draftsmen and members of Congress were primarily concerned with providing an accused in a general court-martial proceeding with representation by a *lawyer*.[1]

Whether this emphasis is sufficient to set apart members of the bar from the other class of persons requiring certification by The Judge Advocate General, namely, those who are graduates of accredited law schools, need not concern us. For the reasons set out in the *Mickel* case, the accused is not entitled to reversal of his conviction because of the alleged deficiency in the Article 32 investigation. We hold, therefore, that the board of review erred in its action.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Air Force for resubmission to the board of review for further review. On such review, the accused can present for the consideration of the board of review the issues raised in his petition for grant of review before this Court and such other matters as he deems appropriate.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

In United States v Tomaszewski, 8 USCMA 266, 24 CMR 76, a majority of the Court reached the conclusion that an accused was entitled as a matter of right to have a certified lawyer appointed to represent him at an Article 32 investigation, and that is now the law. In the case at bar, the officer appointed was a graduate of a law school, a member of a recognized bar, and qualified in all respects except certification by The Judge Advocate General of the Air Force. While there was a lack of certification at the time of the pretrial hearing, there is no claim of specific prejudice, and the record shows the absence of harm to the accused. Therefore, I join in reversing the decision of the board of review.

---

[1] Illustrative of this emphasis is a statement by Professor Edmund Morgan, Chairman of the Forrestal Committee which drafted the bill. Objecting to proposals to amend the requirement for appointment of legally trained personnel by adding the words "if available," he said: "There are two things that I think are the key to reform here in this court-martial business, and I do not think you are going to get it without that, and, *the first thing is for lawyers to conduct the trial* and to preside at the trial, and the civilian review . . . at the top." (Emphasis supplied.) Hearings before the Senate Armed Services Committee, 81st Congress, 1st Session, on S 857 and HR 4080, page 309. The proposed amendment was rejected by Congress.