UNITED STATES, Appellee

v

WESLEY G. REHORN, Basic Airman, U. S. Air Force, Appellant

9 USCMA 487, 26 CMR 267

No. 11,044

Decided July 25, 1958

*Major Donald C. Helling* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb.*

*Lieutenant Colonel James R. Thorn* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused pleaded guilty to ten specifications of larceny by check, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. A general court-martial sentenced him to dishonorable discharge, total forfeitures, and confinement at hard labor for three years. Intermediate appellate authorities affirmed the findings and only so much of the sentence as provided for dishonorable discharge, total forfeitures and confinement at hard labor for one year. He then petitioned this Court and we granted review to consider three issues.

The first question before us is whether the accused was denied military due process by not being provided with certified counsel during his Article 32 investigation. In support of his position appellate defense counsel cite United States v Tomaszewski, 8 USCMA 266, 24 CMR 76, wherein

this Court held that an accused, as a matter of right, is entitled to be represented by a certified lawyer at his pretrial investigation. Yet under different factual situations we have concluded that such a failure may be waived by an accused. United States v Gandy, 9 USCMA 355, 26 CMR 135; United States v Tomaszewski, supra; cf. United States v Mickel, 9 USCMA 324, 26 CMR 104; United States v Thompson, 9 USCMA 330, 26 CMR 110; United States v Reynolds, 9 USCMA 328, 26 CMR 108. In the instant case, the accused requested that he be represented by a certified lawyer, but as that individual was not reasonably available, another officer, not an attorney, was assigned as his counsel. However, the accused was represented by qualified counsel of his own choice at trial and, after being fully advised of his rights, chose to plead guilty in open court. It is a fundamental principle of Federal criminal law that a plea of

488

guilty waives all defects which are neither jurisdictional nor a deprivation of due process of law. 4 Barron and Holtzoff, § 1971 (rules edition 1951). See United States v Sturm, 180 F 2d 413 (CA 7th Cir) (1950), cert den, 339 US 986, 70 S Ct 1008, 94 L ed 1388 (1950). Our earliest cases carried this rule over to miltary law, United States v Clay, 1 USCMA 74, 1 CMR 74; United States v Lucas, 1 USCMA 19, 1 CMR 19, and applying it to the facts of the instant case, we find that the accused waived any objections which he might raise concerning his Article 32 hearing.

The second and third assignments of error may be incorporated into a single discussion, as both allege ▋▋▋ that the staff judge advocate misled the convening authority to the prejudice of the accused. We find no merit in these allegations. The document in question consisted of a four-page staff judge advocate review and a separate post-trial clemency report. Included was information gathered during an interview with the accused, at which he was informed of his rights under Article 31 and which led the interviewing officer to conclude that, "Airman Rehorn is apparently desirous of leaving the Air Force and is not too concerned over the way in which he leaves. He definitely does not want a Dishonorable Discharge however." Although appellate defense counsel contend there is nothing in the record to warrant this assertion, we find by reading the statement in context that this conclusion merely echoed the sentiments expressed by the accused himself during his post-trial interview.

Next, the accused argues that he was not given an opportunity to rebut certain evaluations made by a ▋▋▋ psychiatrist which were of a derogatory nature. Here again his contention is lacking in substance. A requested psychiatric examination was given the accused, and the medical report was filed as an enclosure to the investigating officer's report. Prescinding from the facts that the evaluations were medical findings, much of the information from which they were drawn necessarily came from the accused himself. The balance were included in a report which was available to the accused. Therefore, regardless of their effect, there was no error in including them in the staff judge advocate review. See United States v Coulter, 3 USCMA 657, 14 CMR 75, at page 663.

Two further contentions must be considered before we can dispose of this appeal. In the clemency ▋▋▋ report, it was stated that, if the accused was not under investigation for the offenses of which he was later convicted, "Board action under Article 17, Uniform Code of Military Justice would have been instituted" against him. This was erroneous as the board action referred to is not brought under Article 17 of the Code but under the provisions of Air Force Regulation 39–17 (February 9, 1954). This proceeding, the Government tells us, is sometimes colloquially denominated as a "17 Board." The accused himself, however, fails to show, and we are unable to find, how this technical inaccuracy could have prejudiced him in any manner.

In his conclusions regarding sentence, the staff judge advocate said "There appears nothing ▋▋▋ either in the trial or in post-trial clemency information which would suggest that this accused is a good risk for rehabilitation." Appellate defense counsel point to a statement by the prison officer to the effect that the accused's conduct was excellent and his attitude good during his incarceration. That statement must be considered in light of the fact that the good behavior was during a period when the accused had little opportunity to offend against the norms of the military community. But assuming that good conduct while confined might in some degree weigh in favor of clemency, that single factor when considered against the great weight of evidence of a derogatory nature contained in the review would not make it unreasonable for the staff judge advocate to find that the accused was a poor rehabilitory risk. See United States v Bugros, 9 USCMA 276, 26 CMR 56.

The decision of the board of review is therefore affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent. An accused is entitled to be represented at the Article 32 (Uniform Code of Military Justice, 10 USC § 832) investigation by a defense counsel who is qualified within the meaning of the Code. Article 27(b), Code, supra, 10 USC § 827. United States v Tomaszewski, 8 USCMA 266, 24 CMR 76. In the instant case, despite accused's specific request for certified counsel at his Article 32 investigation, he was furnished with an officer without any legal qualifications whatsoever, and whose college education consisted of two years, during which he majored in chemical engineering.

Consequently, I would reverse the board of review's decision.