UNITED STATES, Appellee

v

HARRITON L. WASHINGTON, Sergeant, U. S. Army, Appellant

9 USCMA 589, 26 CMR 369

No. 11,652

Decided September 12, 1958

 

*Captain Arnold I. Melnick* and *First Lieutenant Herbert R. Brown* were on the brief for Appellant, Accused.

*Major Thomas J. Nichols* was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

On his plea of guilty the accused was convicted of six specifications of wrongdoing, including the larceny and sale of military property. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. In accordance with a pretrial agreement, the convening authority reduced the period of confinement to one year but otherwise affirmed the findings and sentence.

After the board of review affirmed his conviction the accused appealed to this Court on several assignments of error. He also filed a petition for new trial. In the latter, he represents, among other things, that he was deprived of the right to consult with counsel while in confinement pending the filing of charges and that he was confined for a time without being informed of the charges against him. Neither allegation presents a ground for a new trial under the applicable statute. Article 73, Uniform Code of Military Justice, 10 USC § 873. In any event, if there was error, it is not the kind of error that would justify reversal of a conviction based upon a plea of guilty. See United States v Mickel, 9 USCMA 324, 26 CMR 104; United States v Rehorn, 9 USCMA 487, 26 CMR 267.

Additionally, the accused has set out in his petition for new trial several errors in the post-trial proceedings. Whatever merit the allegations may have, the matters are subsequent to,

**590**

not part of, the trial proceedings. Consequently, they do not provide grounds for reversal of the findings of guilty. The accused also contends that he was denied "effective and unbiased legal counsel" and "forced to accept" his appointed defense counsel. Every material allegation in connection with this matter is refuted by his former defense counsel. The latter is corroborated in important particulars by another lawyer who was present during a meeting between the accused and his counsel in the interview room of the command stockade. Moreover, in an out-of-court hearing with the law officer at the trial, the accused was explicitly informed he had a right to be represented by counsel of his own choice, either military or civilian, and he told the law officer he was "satisfied" with his appointed defense counsel. Finally, the accused contends that the action of the convening authority does not conform to the agreement in regard to the plea. The difference between the action and the purported agreement concerns suspension of the punitive discharge. However, the accused makes no claim of a misunderstanding between himself and the convening authority in regard to the terms of the plea. If there was any misunderstanding, it was between the accused and his counsel. We need not decide whether a misunderstanding between counsel and the accused is a proper ground for setting aside a plea of guilty, which was persisted in after advice by the law officer that it could be withdrawn at anytime before sentence by a simple statement by the ac-

cused to the following effect: "I want to change my plea." Cf. United States v Hamill, 8 USCMA 464, 24 CMR 274; see United States v Walker, 3 USCMA 355, 12 CMR 111.

Turning to the assignment of errors in the petition for grant of review, we find no merit in the contention that the accused was induced to plead guilty by his defense counsel. Except for an indirect reference to purported inconsistencies, the accused has not repudiated a stipulation of facts, which he signed and which was entered in the record, that convincingly demonstrates his guilt of the offenses charged. The Government concedes that the post-trial advice was prepared by an assistant division staff judge advocate who participated in a related case as trial counsel. This was error. United States v Hightower, 5 USCMA 385, 18 CMR 9. A reading of the advice indicates that the results in the related case influenced the decision to recommend against suspension of the discharge in this case.

Prejudice is therefore apparent. Consequently, a new post-trial advice is required. At that time the staff judge advocate can inquire into, and recommend action on, the question of whether the accused empowered his counsel to present an offer to plead guilty, without regard to suspension of any discharge that might be imposed by the court-martial. The staff judge advocate should also consider the accused's claim that the offenses are not separately punishable. This disposition of the case obviates consideration of the remaining assignments of error.

The petition for new trial is denied. The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Army for reference to a competent convening authority for further proceedings in accordance with Articles 61 and 64, Uniform Code of Military Justice, 10 USC §§ 861, 864.

Judge FERGUSON concurs.

Judge LATIMER concurs in the result.