JEFFREY R. MacDONALD, Captain, U. S. Army, Petitioner

v

KENNETH J. HODSON, Major General, The Judge Advocate General of the Army, The Pentagon, Washington, D. C.; EDWARD M. FLANAGAN, Major General, Commanding General, John F. Kennedy Center for Military Assistance, Fort Bragg, North Carolina; WARREN V. ROCK, Colonel, Fort Bragg, North Carolina; and HAMMOND A. BEALE, Jr., Captain, Fort Bragg, North Carolina, Respondents

19 USCMA 582, 42 CMR 184

Miscellaneous Docket

No. 70–48

July 27, 1970

*Bernard L. Segal, Esquire, Dennis H. Eisman, Esquire,* and *Captain James F. Douthat,* counsel for Petitioner.

## Memorandum Opinion of the Court

Charges alleging premeditated murder have been preferred against petitioner, and are presently under investigation by an officer appointed pursuant to Article 32, Uniform Code of Military Justice, 10 USC § 832. Petitioner avers that when the investigation commenced, the investigating officer granted his motion to hold open hearings. Shortly thereafter, the investigating officer revoked his ruling and announced that further proceedings would be closed to all persons. He based his ruling on Army Regulation No. 345–60. Paragraph 2 of the Regulation provides, in pertinent part:

". . . This regulation also provides guidelines for the release of information to the public which might prejudice the rights of an accused."

Paragraph 4 prohibits the release of information "before evidence thereon has been presented in open court." The latter ruling was adhered to despite petitioner's announced willingness to waive the protections afforded by this Regulation. A telegraphic request for waiver of the Regulation to permit the press and the public to attend the hearings, addressed to the Judge Advocate General of the Army, resulted in a ruling that the action taken was within the sound discretion of the investigating officer, and of the officer who referred the charges for investigation, and consistent with the policies underlying the Regulation. The Judge Advo-

cate General further approved a recommendation that, in the discretion of the appointing authority and the investigating officer, petitioner's mother be permitted to attend the proceedings.

Petitioner now submits this Petition for Writ of Injunction and Temporary Restraining Order enjoining respondents "from denying or interfering with Petitioner's right to an open hearing before the Article 32 Investigating Officer."

The Article 32 investigation partakes of the nature both of a preliminary judicial hearing and of the proceedings of a grand jury. As in any judicial hearing, the accused is entitled to representation by qualified counsel. United States v Tomaszewski, 8 USCMA 266, 24 CMR 76 (1957). However, the investigating officer has no authority to appoint counsel, but must refer a request for such appointment to the appointing authority who then acts upon it. Paragraph 34c, Manual for Courts-Martial, United States, 1969 (Revised edition). Article 32, supra, requires "thorough and impartial investigation" which "shall include inquiry as to the truth of the matter set forth in the charges, consideration of the form of charges, and a recommendation as to the disposition which should be made of the case in the interest of justice and discipline." However, finality does not attach to the investigating officer's recommendation; it is advisory only. Green v Widdecke, Miscellaneous Docket No. 70–50, 19 USCMA 576, 42 CMR 178 (1970); paragraph 34a, Manual for Courts-Martial, supra.

During the course of the investigation, the accused has the right to cross-examine witnesses against him, if they are available; all testimony, oral or written, must be under oath; in certain limited circumstances, such testimony may be admissible as previously reported testimony. United States v Samuels, 10 USCMA 206, 27 CMR 280 (1959); United States v Eggers, 3 USCMA 191, 11 CMR 191 (1953). While the investigation has many of the trappings of an adversarial proceeding, it is *ex parte* in fact, for the Government is not formally represented as a party. United States v Samuels, supra.

As an investigation, the strict rules of evidence applicable at trial are not followed. Rather testimony and other evidence of all descriptions normally will come to the attention of the investigating officer, some germane to the charges before him, and others of no material significance whatever; some will implicate the accused, and some will fail to do so, while tending to implicate others not then under charges. In making his report, it is the officer's responsibility to cull from his final product all extraneous matters and present only such evidence as in his opinion will be admissible at trial. Because so much untested material may come before him, Army Regulation No. 345–60 curtails the release of such information to the public in order to reduce the possibility of prejudice to the accused subject, and to others not charged.

In view of the foregoing, it cannot be said that the Article 32 investigation is a trial within the meaning of the Sixth Amendment to the Constitution of the United States. Hence, there is no requirement that its proceedings be "public." The action taken in the instant case appears to be well within the discretionary powers of the investigating officer, and no abuse appears. Petitioner is represented by qualified civil and military counsel and it fully appears that his rights are adequately protected.

The petition is denied.

Judge Darden would dismiss the petition. See his separate opinion in Collier v United States, 19 USCMA 511, 42 CMR 113 (1970).