UNITED STATES

v.

Specialist Five Roy L. SIMPSON, 254–64–4126, US Army, Company A, 57th Signal Battalion (Corps), Fort Hood, Texas.

SPCM 11744.

U. S. Army Court of Military Review.

Sentence Adjudged 6 Oct. 1975.

Decided 14 April 1976.

832

Appellate Counsel for the Accused: CPT Theodore H. Watts, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: Appearance waived.

## OPINION OF THE COURT

COOK, Judge:

Appellant was tried and, contrary to his pleas, he was convicted of six acts of receiving bribes. These crimes violate Article 134, Uniform Code of Military Justice (UCMJ), (10 U.S.C. § 934). The trial judge who found him guilty also sentenced appellant, as noted above.

1. Conducted in conformity with the mandate of *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

2. *See United States v. Fleming, infra*, for an Army case; *United States v. Canady*, 34 C.M.R. 709 (N.B.R.1964), for a Navy case and *United States v. Clisson, infra*, for an Air Force case, involving post-trial interviews.

3. The opinion in *United States v. Fleming, infra*, cites to 1951 and 1952 JAGO letters on the subject.

4. *United States v. Fleming*, 9 C.M.R. 502, 507 (A.B.R.1953), reversed and remanded on another issue 3 U.S.C.M.A. 461, 13 C.M.R. 17 (1953), further reviewed at 14 C.M.R. 249 (A.B.R. 1953).

In his comments on the staff judge advocate's post-trial review[1] the trial defense counsel complained about the fact that a post-trial interview was conducted with the appellant without any prior notice to him as appellant's counsel.

The practice of conducting a post-trial interview with convicted personnel appears to be widespread,[2] though there is no specific reference to such a procedure in the Uniform Code of Military Justice, the Manual for Courts-Martial, United States, 1969 (Revised edition), or in Army Regulations.[3] When the practice has been discussed by military appellate bodies, the justification for such an interview has been that it is designed to aid the "effectiveness of the system of appellate review with respect to clemency required by the Uniform Code of Military Justice, Articles 64, 66, 71 and 74. . . . "[4] These interviews have been likened to "the presentence investigation report available to civilian judges."[5] The United States Court of Military Appeals has repeatedly endorsed the concept of the post-trial interview to assist the convening authority in the exercise of his plenary clemency powers.[6]

There have, however, been attacks on the manner in which post-trial interviews have been conducted. One objection concerned the identity of the interviewer. The United States Court of Military Appeals has held that the interview may not be conducted by a party-in-interest to the trial.[7]

5. *United States v. Powell*, 26 C.M.R. 521, 524 (A.B.R.1958).

6. *United States v. Nees*, 18 U.S.C.M.A. 29, 39 C.M.R. 29 (1968); *United States v. Hurt*, 9 U.S.C.M.A. 735, 27 C.M.R. 3 (1958); *United States v. Rehorn*, 9 U.S.C.M.A. 487, 26 C.M.R. 267 (1958); *United States v. Clisson*, 5 U.S.C. M.A. 277, 17 C.M.R. 277 (1954).

7. *United States v. Clisson, supra; United States v. Nees, supra; but see United States v. Hurt, supra*. An early Board of Review case on this subject is *United States v. Carter*, 7 C.M.R. 785 (A.F.B.R.1953).

Another criticism was directed at the failure to advise the interviewee of his Article 31, UCMJ, rights. The Boards of Review have uniformly held that such advice is unnecessary, primarily because it would interfere with the underlying purpose of the interview, *i. e.*, obtaining information on which to make a considered judgment concerning clemency.[8]

And still a third assault has been concerned with the fact that the interview is conducted without the presence of counsel. Again, the Boards of Review have held that, based on the rationale that presence of counsel would "strangle the practice,"[9] there is no mandatory requirement in military law for such representation.[10]

The terms of the alleged error in the instant case is at variance with those which constituted the aforementioned complaints, *i. e.*, that appellant was interviewed without notice to counsel. It too would, however, seem to be subject to resolution by resort to the same reasoning employed by the Boards of Review in the Article 31 and earlier counsel cases. This Court is hesitant to make such a disposition of this issue principally because of the recent decision of the United States Court of Military Appeals in *United States v. McOmber*, 1 M.J. 380 (2 April 1976). In that opinion the court held "that once an investigator is on notice that an attorney has undertaken to represent an individual in a military criminal investigation, further questioning of the accused without affording counsel reasonable opportunity to be present renders any statement obtained involuntary under Article 31(d) of the Uniform Code" Page 383.

While we recognize the factual and legal distinctions incumbent here, we nevertheless feel constrained to treat the failure to deal with trial defense counsel in the case *sub judice* as error and test for prejudice.[11]

The only statement appearing in the post-trial review that is attributed to the appellant that might be deemed detrimental is the following: "He stated that he realizes now that 'conning' people is wrong and will not get him ahead." As noted earlier, appellant was tried for accepting bribes. Whether his reference to "conning people" is directly related to these offenses, to which he plead not guilty, or to his conduct in court or to neither is ambiguous at best.[12]

Considering the state of the evidence, the number of acts for which he was convicted, and the moderate sentence appellant received, this Court is of the opinion that the convening authority's decision to approve the findings and sentence was uninfluenced by the inclusion of the quoted item in the post-trial review. Consequently, we find no prejudice.

■ We have also noted that the trial counsel argued for a sentence which would serve "as an effective deterrent of this sort of thing in the future by persons of like position." A somewhat similar deterrence argument was condemned in *United States v. Mosely*, 1 M.J. 350 (decided 19 March 1976). We will cure the error by reassessing the sentence.

The findings of guilty are affirmed. Reassessing the sentence in light of *Mosely*, *supra*, and the entire record, the Court affirms the sentence.

8. *United States v. Fleming, supra*; *United States v. Collier*, 26 C.M.R. 529 (A.B.R.1958); *United States v. Albert*, 31 C.M.R. 326 (A.B.R. 1961); *see United States v. Powell, supra*.

9. *United States v. Canady, supra*, at 713 quoting from the dissent in *United States v. Clisson, supra*.

10. *United States v. Canady, supra*; *United States v. Boheman*, 39 C.M.R. 301 (A.B.R. 1968).

11. Although the United States Court of Military Appeals in *United States v. McOmber, supra*, drastically altered the test for prejudice and

applied its new test in that case because it was "satisfied . . . that the Government has had ample notice of the standard of conduct announced . . .," we will apply a less stringent test because these are almost untrolled waters.

12. "Con" as an adjective is defined in Webster's New World Dictionary of the American Language as "1. to swindle (a victim) by first gaining his confidence 2. to trick or fool, esp. by glib persuasion."

Senior Judge BAILEY and Judge De-FORD concur.