UNITED STATES

v.

**Airman Barry A. ROWE, FR 278–64–3290,
United States Air Force.**

**ACM 22517.**

Air Force Court of Military Review.

21 Sept. 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Colonel Larry G. Stephens, and Captain Wade B. Morrison. Captain David R. Hornig filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., Colonel James P. Porter and Captain Robert T. Mounts.

Before EARLY, HERMAN and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused was convicted, contrary to his pleas, of the possession of marijuana and lysergic acid diethylamide (LSD), in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 892.

Trial defense counsel in an excellent brief filed in accordance with Article 38(c), Code, 10 U.S.C. § 838(c), *supra*, asserts that the military judge failed to tailor his findings instructions on the defense of planted drugs. The accused attempted to raise the defense by testifying that part of the contraband which he possessed was planted in his gym bag. The bag had been in the accused's car which was used by his friend earlier in the evening while they were both attending a party. When he returned to the dormitory and opened the bag, a large quantity of marijuana and LSD was discovered. Believing his friend to be the true owner, he decided to return to the party and return the contraband. On the way to the party he was stopped by the security police and the contraband was discovered.

 The trial judge recognized that criminal liability could not be imposed for possession of contraband which was truly planted, when the accused's purpose in controlling it for a few moments is to rid himself of it or to turn it over to proper authorities. *United States v. Thompson*, 21 U.S.C.M.A. 526, 45 C.M.R. 300 (1972); *United States v. West*, 15 U.S.C.M.A. 3, 34 C.M.R. 449 (1964). However, he was satisfied that no defense existed under the facts of this case as the accused conceded that his purpose in controlling the contraband was to return it to the owner. Since the owner had no lawful right to receive the contraband, the accused knowingly continuing to possess it for a wrongful purpose was unlawful. *United States v. Thompson, supra.* We agree with the trial judge that the defense of planted drugs was not raised by the evidence, accordingly, no instruction on that defense was required.

 In his second assignment of error, trial defense counsel asserts that there was no probable cause to apprehend the accused. The record reflects that the accused was stopped for speeding on base. The security policeman advised the accused why he was stopped and asked him for his driver's license, vehicle registration, insurance card and identification card. While the accused was looking in his glove box for his vehicle registration, the policeman saw what he believed to be a partially smoked marijuana cigarette in the ash tray. He testified that he had made over 200 apprehensions for marijuana and was familiar with what a marijuana cigarette looked like, and that this hand-rolled cigarette was no different than the marijuana cigarettes he had seen in the past. He further stated that in all his experience he has never seen a hand-rolled cigarette made of tobacco. The forensic chemist testified that she had examined over 500 hand-rolled cigarette butts and 99 percent of them proved to be marijuana. This evidence convinces us that in the environment in question, where the use of hand-rolled tobacco cigarettes is rare and the use of hand-rolled marijuana cigarettes is common, a reasonable man would conclude that the hand-rolled cigarettes seen by the policeman contained marijuana, thereby providing him with probable cause to apprehend the accused for possession of marijuana. See *United States v. Guzman*, 3 M.J. 740 (N.C.M.R.1977).

 Appellate defense counsel assert that the investigating officer abused his discretion by not allowing the accused to tape record the testimony of witnesses during the Article 32, 10 U.S.C. § 832 Investigation. At the outset of the proceeding the defense counsel requested that he be permitted to record, with his personal tape recorder, the testimony of all the witnesses called to testify. The request was denied by the investigating officer. In order to preserve the substance of the witnesses' testimony, the investigating officer took notes of the testimony. When the questioning was completed, he dictated to the reporter, in the presence of the witness, the accused and his counsel, a summarization of

the witness's testimony. Each witness was given the opportunity to correct the summarization, and the accused and his counsel were given the opportunity to object if they believed the summarization was incorrect. Subsequently, the reporter typed the statements, and they were sworn to and signed by the witnesses. These statements were made a part of the investigation and copies were provided the defense. We find the procedure used to be in compliance with the requirements for recording the substance of the witnesses' testimony given at the Article 32 Investigation. Manual for Courts-Martial, 1969 (Rev.), paragraph 34e(2).*

Our review of the *Manual*, and related Air Force Regulations reveals no requirements for or prohibitions against the defense using electronic recording devices during an Article 32 Investigation. The *Manual* does, however, place the responsibility for conducting an orderly investigation on the investigating officer. He is charged that the investigation should be "dignified and military" and comply substantially with the requirements of Article 32, Code, *supra*. Variations in procedure are permitted to meet the circumstances of each case and local conditions. *Manual, supra*, paragraph 34a.

In view of the investigating officer's responsibilities to conduct an orderly investigation, and the fact that the regulations are silent as to the use of recording devices by the defense, we find the action taken in this case to be clearly within the discretionary powers of the investigating officer, and further that he did not abuse that discretion in barring the defense from electronically recording the witnesses' testimony. Further, the rights of the accused were fully protected by the procedure followed by the investigating officer. See *McDonald v. Hodson*, 19 U.S.C.M.A. 582, 42 C.M.R. 184 (1970).

The remaining assertions of error are without merit. The findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and HERMAN, Judge, concur.

---

* While Air Force Regulation 111–1, Military Justice Guide, paragraph 3–20, 25 August 1975, permits a verbatim transcript of testimony to be made with the permission of the staff judge advocate of the special court-martial convening authority, permission to produce such transcripts was not requested in this case. We do not find any basis in the record on which to base such a request.