UNITED STATES

v.

Staff Sergeant Robert E. SVOBODA, FR 456–04–3476 United States Air Force.

ACM 23231.

U. S. Air Force Court of Military Review.

Sentence Adjudged 28 May 1981.

Decided 7 Jan. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Major George D. Cato.

Before POWELL, KASTL, and MAHONEY, Appellate Military Judges.

## DECISION

### PER CURIAM:

Pursuant to mixed pleas, the accused stands convicted of one possession, two uses and seven sales of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a dishonorable discharge, confinement at hard labor for three years, forfeiture of $200.00 per month for 12 months, and reduction to airman basic.

Appellate defense counsel complain that the post-trial review of the staff judge advocate was signed by the deputy staff judge advocate, and not expressly adopted by the staff judge advocate. They correctly point out that such concurrence is ordinarily required by regulation and case law.[1]

■ In reply, appellate government counsel have moved for leave to file the affidavit of the review writer to the effect that the deputy staff judge advocate was, on the dates in point, the acting staff judge advocate, by virtue of the absence of the staff judge advocate.[2] As we have previously held in an analogous situation, it is the function performed and not the title used that is of paramount importance in assessing the regularity of performance of a statutory duty. Even absent the affidavit in the instant case, we would accord the signature of a subordinate judge advocate a rebuttable presumption of regularity that he was acting staff judge advocate. *United States v. Jones*, 11 M.J. 829, 830–31, note 2 (A.F.C.M.R.1981). Accordingly, we find no error in the preparation and submission of the review of the staff judge advocate.

■ In the remaining assignment of error, appellate defense counsel contend that the military judge erred when he denied the accused's motion for a new pretrial investigation pursuant to Article 32, Uniform Code of Military Justice. We have examined the report by the Article 32 investigator and find that, although it is not a model report, it is an eminently adequate one.[3] The defense complaint centers around the Article 32 investigating officer's denial of the defense request that the proceedings be recorded verbatim, or in the alternative that the defense counsel be permitted to make his own tape recording of the testimony. We have previously considered this general issue in *United States v. Rowe*, 8 M.J. 542 (A.F.C.M.R.1979), *rev'd on other grounds*, 11 M.J. 11 (C.M.A.1981). On the facts in that case, we held that the Article 32 investigating officer did not abuse his discretion in denying the accused's request to make his own tape recording of the testimony.

The defense claims that numerous facts distinguish this case from *Rowe*; that this Article 32 investigating officer abused his

---

1. See, Air Force Manual 111–1, Military Justice Guide, 2 June 1973, paragraph 7–2b; *United States v. Kemma*, 10 U.S.C.M.A. 272, 27 C.M.R. 346 (1959). Article 61, Uniform Code of Military Justice, 10 U.S.C. § 861 requires that, prior to acting upon a record of trial by general court-martial, the convening authority refer it to his staff judge advocate or legal advisor for his written opinion thereon.

2. The motion is unopposed and is hereby granted.

3. As pointed out by the defense, the summarized testimony of one witness was not later signed by that witness to verify its accuracy. Most of the witness's testimony, however, addressed the substance of his two prior written statements, which were expressly adopted by the witness and attached as exhibits to the report of the Article 32 investigating officer. The other patent irregularity is the preparation of the summarized testimony in the third person. While we do not indorse this technique, we perceive no prejudice to this accused.

discretion in denying the request; and that the accused was thereby prejudiced. The specific allegations upon which the defense claims are based are set forth at various places in the record of trial.[4] In the preliminary session of the trial, factual averments were presented by both counsel during the consideration of the motion for appropriate relief, which took some ten pages in the transcript. Additionally, attached as appellate exhibits are a written motion by the trial defense counsel and a reply and brief by the prosecutor. However, notwithstanding a plethora of written and verbal statements concerning the conduct of the Article 32 investigation, no *evidence* was presented in support of the defense motion. Specifically, there was no stipulation of relevant facts, and there was no testimony concerning the circumstances.[5] In the absence of any evidence, there is no issue for appellate resolution. *United States v. Barbeau,* 9 M.J. 569, 571–72 (A.F.C.M.R.1980), pet. denied, 9 M.J. 277 (C.M.A.1980); S. Saltzburg, L. Schinasi & D. Schlueter, Military Rules of Evidence Manual, 17 (1981).

We find the approved sentence to be appropriate and, like the findings of guilty, it is correct in law and fact and, on the basis of the entire record, both are

AFFIRMED.

---

4. Since the report did not include a verbatim transcript, the only reference to the issue in the Article 32 report is the statement of the Article 32 officer concerning the request and denial. Elsewhere between the "blue covers" is a pretrial letter from the defense counsel to the convening authority requesting a new Article 32 investigation, or other appropriate relief. *See, United States v. Eubank,* 12 M.J. 752, note 4 and accompanying text (A.F.C.M.R.1981).

5. The Article 32 investigating officer was not called as a witness; the accused did not present limited testimony concerning the events at the investigation; nor did the defense counsel testify. *See,* A.B.A. Code of Professional Responsibility, DR 5–101(B)(2); EC 5–9 & 5–10.