UNITED STATES, Appellee

v.

JOSEPH O. BARCOMB, Corporal, U. S. Air Force, Appellant

2 USCMA 92, 6 CMR 92

No. 726

Decided December 19, 1952

Watson C. Arnold, Esq., COL. Kenneth B. Chase, USAF, and MAJ. Cecil F. Rowe, USAF, for Appellant.

COL. Wendell C. Dreier, USAF, and CAPT. Giles J. McCarthy, USAF, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The petitioner, Corporal Joseph O. Barcomb, United States Air Force, upon trial by general court-martial, was found guilty of wrongfully and unlawfully procuring a young woman to engage in acts of prostitution with persons to be directed to her by the petitioner (specification 1 of the charge) and of wrongfully and unlawfully receiving a valuable consideration for arranging for certain named air-men to engage in sexual intercourse with said young woman, a prostitute (specification 2 of the charge), in violation of Article of War 96, 10 USC § 1568. He was sentenced to be discharged from the service with a bad-conduct discharge, to forfeit all pay and allowances, and to be confined to hard labor for one year. The convening authority approved the findings and sentence. A board of review in the office of The Judge Advocate General of

the United States Air Force on February 28, 1952, affirmed the findings and sentence. We granted petitioner's request for grant of review directed to the following issues:

1. That the board of review erred generally in its review of the record of trial.

2. That the instructions of the law officer upon the elements of the offenses charged were inadequate and failed to comply with the provisions of the Uniform Code of Military Justice, Article 51(c).

3. That the admission in evidence of the deposition, Prosecution Exhibit 2, was error prejudicial to the substantial rights of the accused.

The record of trial in this case discloses a strongly contested factual situation with prosecution witnesses testifying to the circumstances of the offenses charged and defense witnesses, including petitioner, denying that the alleged offenses were in fact committed. One of the principal prosecution witnesses was the young woman who was involved in the alleged acts of prostitution. Because of the conflict in the evidence, her testimony was of prime importance. Prior to trial, in the assumption that this witness would not be available, a deposition had been obtained from her. However, despite the existence of the deposition, she was present at the trial and was called as a witness. While on the stand, she demonstrated considerable emotional strain and, with few exceptions, refused to reply to trial counsel's interrogations. After repeated efforts to persuade her to testify, the law officer held her in contempt and excused her as a witness. Thereupon, the deposition previously taken was received in evidence over defense counsel's objection.

Article 49(d) of the Uniform Code of Military Justice, 50 USC § 624, provides as follows:

"A duly authenticated deposition taken upon reasonable notice to the other party, so far as otherwise admissible under the rules of evidence, may be read in evidence before any military court or commission in any case not capital, or in any proceeding before a court of inquiry or military board, if it appears—

(1) that the witness resides or is beyond the State, Territory, or District in which the court, commission, or board is ordered to sit, or beyond the distance of one hundred miles from the place of trial or hearing; or

(2) that the witness by reason of death, age, sickness, bodily infirmity, imprisonment, military necessity, nonamendability to process, or other reasonable cause, is unable or refuses to appear and testify in person at the place of trial or hearing; or

(3) that the present whereabouts of the witness is unknown."

This rule is consistent with that obtaining in civilian jurisprudence. See Wigmore on Evidence, 3d ed, § 1415; Federal Rules of Criminal Procedure, Rule 15(e). The situation in this case fits none of the excepted circumstances listed in Article 49(d) of the Code, supra. Admission of the deposition in evidence constituted error.

The board of review below considered this question and, while conceding that admitting the deposition may have been error, ruled that it was merely cumulative evidence and therefore did not substantially prejudice the rights of the accused. We do not agree. As already noted, the basic factual issues in this case were bitterly contested. The deposition corroborated the story of the prosecution witnesses and constituted damning evidence against the accused. Under these circumstances, the deposition could well have tipped the scales against the accused. We cannot say that its use was not prejudicial.

In view of our holding on this issue, it is unnecessary to consider the other errors assigned. The decision of the board of review is reversed and the case is remanded to The Judge Advocate General of the United States Air

**93**

Force with directions that a rehearing be ordered.

Judges LATIMER and BROSMAN concur.