UNITED STATES, Appellant

v

NAZARIO D. OBLIGACION, Airman First Class,
U. S. Air Force, Appellee

17 USCMA 36, 37 CMR 300

No. 19,954

May 12, 1967

*Lieutenant Colonel Harry O. Hinz* argued the cause for Appellant, United States. With him on the brief were *Colonel James R. Thorn* and *Colonel Emanuel Lewis.*

*Lieutenant Colonel Carl R. Abrams* argued the cause for Appellee, Accused. With him on the brief was *Colonel Joseph Buchta.*

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial at Travis Air Force Base, California, the accused was found guilty of two counts of taking indecent liberties with children, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934, and sentenced to bad-conduct discharge, forfeiture of $50.00 per month for six months, confinement at hard labor for six months, and reduction.

The convening authority affirmed. The board of review, determining that the law officer had erred prejudicially in permitting the evidence of one of the victims to be presented by way of her testimony in the formal pretrial investigation, set aside one of the specifications, affirmed only the offense of indecent acts with regard to the other, and reassessed the sentence. The Judge Advocate General of the Air

Force has certified the correctness of that decision to this Court upon the following question:

"WAS THE BOARD OF REVIEW CORRECT IN HOLDING THAT THE TESTIMONY OF TERESA ANN P—— WAS INADMISSIBLE?"

The facts related to the certified issue are simple. Teresa Ann appeared at the pretrial investigation into the charges against the accused, was duly sworn, and testified in detail as to the allegations of the specification involving her. By the time of trial, Teresa Ann's father had been permanently transferred from Travis Air Force Base to a duty station in Washington, D. C., a point well in excess of one hundred miles from the place of trial. The prospective witness accompanied him. The parties so stipulated at the trial and, in light of her absence, trial counsel proffered into evidence a verbatim transcript of her testimony at the pretrial investigation. Upon objection by defense counsel that no showing had been made that the witness, despite the distance involved, was unwilling to appear, trial counsel conceded no effort had been made to secure her presence. He relied solely on the proposition that she was more than a hundred miles from the place of trial. The law officer overruled the defense objection and received the transcript of testimony in evidence. He took like action with respect to the pretrial investigation testimony of another witness on the same specification.

We have had occasion recently to review the use of testimony in a pretrial investigation as a substitute for the actual appearance of the witness. In United States v Norris, 16 USCMA 574, 37 CMR 194, we pointed out that the transcript of such testimony, in order to be admissible, must be verbatim. In United States v Burrow, 16 USCMA 94, 36 CMR 250, we exhaustively considered the question of admissibility of verbatim testimony taken at an Article 32 investigation, and reaffirmed our earlier opinions holding such to be admissible. See also United States v Eggers, 3 USCMA 191, 11 CMR 191, and United States v Tomaszewski, 8 USCMA 266, 269, 24 CMR 76. In so doing, we referred to the decision of the Supreme Court in Pointer v Texas, 380 US 400, 13 L ed 2d 923, 85 S Ct 1065 (1965), wherein it was pointed out that similar testimony might be received only if "taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine." *Id.*, at page 407.

Indeed, the Government relied on our *Burrow* decision at the trial in urging upon the law officer the proposition that no effort need be made to obtain the witness' attendance as a predicate for admissibility of the pretrial testimony. We believe the case establishes the contrary proposition. Thus, one of the issues on which we granted therein was the sufficiency of the record-showing of the unavailability of the foreign witnesses there involved. In resolving that question, we pointed out that these foreign witnesses were not subject to process; that the record indicated the trial counsel had in good faith sought their attendance; and that they refused to appear. Thus, we concluded they were unavailable at the trial, for there was no means by which their appearance could lawfully be obtained, though, in fact, they lived in the immediate vicinity. We expressly concluded, therefore, at page 99, that "the law officer did not err in accepting *the showing relative to the unavailability of the two Frenchmen.*" (Emphasis supplied.)

Our position was made even more clearly apparent by the Chief Judge in his concurring opinion in *Burrow*, supra, wherein he stated, at page 100:

". . . I would, therefore, require, and we have in fact held, that the party offering the Article 32 testimony establish that the circumstances in the interim between the investigation and the trial have changed and all available means, compulsory or *voluntary*, for obtaining the presence of the witness were tried and proved fruitless. United States v Stringer, 5 USCMA 122, 17 CMR 122."

The foregoing would seem to dispose of the matter before us, but the Government urges us to hold the use of Article 32 testimony is governed either by the rules applicable to former testimony at another trial or to depositions. With respect to former testimony, the Manual for Courts-Martial, United States, 1951, provides that testimony "at a former trial of the accused" may be used if it appears "a witness . . . is dead, insane, too ill or infirm to attend the trial, beyond the reach of process, *more than one hundred miles from the place where the trial is held,* or cannot be found." (Emphasis supplied.) Manual, supra, paragraph 145*b*. The Manual, supra, however, goes on to state that, "A failure to object to the introduction of testimony given at a former trial of the accused on the ground that . . . *it does not appear that the witness is now unavailable,* may be considered a waiver of that objection." (Emphasis supplied.) *Id.,* at page 271.

At the outset, we note the Government's argument is based on a rule applicable to testimony *at a former trial* of the accused. Under such circumstances, all parties understand the evidence has been elicited before the fact finders and is to be used by them in their deliberations. An Article 32 investigation, however, is not a trial and, while one of its functions may be to preserve testimony, its principal thrust is toward the development of probable cause for a trial and discovery of the evidence against the accused. United States v Nichols, 8 USCMA 119, 23 CMR 343; United States v Tomaszewski, supra. Hence, it is not within the purview of the Manual rule governing former testimony. Moreover, in light of the further reference to unavailability of the witness in the paragraph discussing that concept, it is to be concluded that its drafters intended only to adopt the ordinary Federal rule forbidding resort to such secondary proof without a preliminary showing that the witness is unwilling or unable to appear. Cf. United States v Stringer, 5 USCMA 122, 17 CMR 122; Piassick v United States, 253 F2d 658 (CA 5th Cir) (1958); Smith v United States, 106 F2d 726 (CA 4th Cir) (1939); Peterson v United States, 344 F2d 419 (CA 5th Cir) (1965). Thus, we are satisfied that, even applying the Manual rule regarding former testimony at another trial to testimony taken at an Article 32 investigation, such is inadmissible without a showing of unavailability in fact.

The same considerations impel us to reject the Government's contention such testimony should be made admissible as if it were a deposition of a witness who is more than one hundred miles from the place of trial. See Code, supra, Article 49, 10 USC § 849; Manual, supra, paragraph 145*a*; cf. United States v Stringer, supra. But testimony taken at a pretrial investigation is not a deposition or in the nature of a deposition. The taking of depositions necessarily contemplates their use in evidence at trial in lieu of an unavailable witness, whereas, as we have noted, testimony taken at the pretrial investigation is not normally recorded for evidentiary purposes. Indeed, at this very trial, counsel pointed out that, while he was informed another witness would not be present following the investigation, he was told nothing of that nature with respect to Teresa Ann. In short, pretrial testimony is not within the coverage of Code, supra, Article 49, and no parallel can be drawn between it and oral depositions taken thereunder. If anything, an Article 32 investigation more nearly resembles the taking of testimony in a court of inquiry, convened under Code, supra, Article 50, 10 USC § 850. The latter may in fact be used as a substitute for the former. United States v Gandy, 9 USCMA 355, 26 CMR 135. And it is interesting to note that proof taken by a court of inquiry may be read into evidence at a later trial only if, among other things, it is the testimony "of a person whose oral testimony cannot be obtained." Code, supra, Article 50.

We conclude, therefore, that the sworn testimony of a witness at a pretrial investigation of the charges against an accused may be used at his subsequent trial only if a showing is made of the witness' actual unavailabil-

ity to appear and testify in person. Such is certainly in accordance with the rule applicable in the United States District Courts and in nearly every other jurisdiction. Peterson v United States, supra; Smith v United States, supra; Annotations, 15 ALR 495, 538, 79 ALR 1392, 122 ALR 425, 159 ALR 1240. We place no undue burden on the Government in so restricting it. In the ordinary case, the accused is entitled to look upon his accusers and to have the court weigh their demeanor in testifying. Occasionally, this requirement must give way to public policy. United States v Jacoby, 11 USCMA 428, 29 CMR 244; Mattox v United States, 156 US 237, 39 L ed 409, 15 S Ct 337 (1895); Pointer v Texas, supra. But the exception is based on necessity, and it is at least incumbent upon the Government to establish that need by showing the witness is dead, incapacitated, or, if beyond the court's jurisdiction, unwilling to appear. United States v Burrow, supra. Here, it conceded no such effort was made. In consequence, the board acted correctly in setting aside the affected specification, affirming the remaining offense, and reassessing the sentence.

The certified question is answered in the affirmative. The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.