UNITED STATES, Appellee

v

DONALD F. HOWARD, Staff Sergeant,
U. S. Air Force, Appellant

17 USCMA 162, 37 CMR 426

No. 20,196

July 28, 1967

*Colonel Joseph Buchta* and *Lieutenant Colonel Bertram Jacobson* were on the pleadings for Appellant, Accused.

*Colonel James R. Thorn* and *Lieutenant Colonel David B. Stevens* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Among other offenses, the accused was convicted of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886. He was sentenced to bad-conduct discharge, total forfeitures, and confinement at hard labor for two years. The convening authority reduced the period of confinement and forfeitures, and the board of review affirmed. We granted accused's petition for review upon the issue whether the law officer erred in receiving a transcript of certain testimony taken during the pretrial investigation.

Accused allegedly absented himself without authority at the end of a period of authorized leave, while en route to a new station. In both his pretrial statement and his trial testimony, he declared he had telephonically obtained an extension of his leave prior to its expiration by contacting his new unit. The Government, however, introduced, over objection, testimony of a Sergeant Usery taken at the pretrial investigation, which tended to establish no such call was received, nor was any such extension granted. Sergeant Usery was shown to be absent in Vietnam, a place more than one hundred miles from the trial site, but no demonstration was made of his actual unavailability as a witness or his unwillingness to appear.

The receipt of the pretrial testimony was erroneous. United States v Obligacion, 17 USCMA 36, 37 CMR 300. In that case, we pointed out that verbatim pretrial testimony "may be used at his [the accused's] subsequent trial only if a showing is made of the witness' actual unavailability to appear and testify in person." *Id.*, at page 38. As in that case, the Government here made no effort to establish unavailability or unwillingness to appear. The prejudice flowing from the erroneous ruling admitting the transcript, however, goes only to the charge of unauthorized absence to which it related.

The findings of guilty of Charge I

and its specification are set aside. The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Air Force. The board may reassess the sentence on the remaining findings of guilty or order a rehearing on the absence charge and the penalty.

Chief Judge QUINN and Judge KILDAY concur.