UNITED STATES, Appellee

v

GARY L. LEDBETTER, Shipfitter (Pipe) Second Class,

U. S. Navy, Appellant

18 USCMA 67, 39 CMR 67

No. 21,250

December 20, 1968

*Peter B. Work, Esquire,* and *Lieutenant Donald B. Brant, Jr.,* JAGC, USNR, argued the cause for Appellant, Accused.

*Captain John J. Kelly, Jr.,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche,* USMC.

## Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial, accused was convicted, contrary to his plea, of a violation of U. S. Navy Regulation in that he conveyed to an unauthorized person certain classified material, in violation of Uniform Code of Military Justice, Article 92, 10 USC § 892. The accused was sentenced to reduction to pay grade E-1, confinement at hard labor for six months, forfeiture of $86.00 per month for six months, and a bad-conduct discharge. Intermediate appellate authorities affirmed the findings and the board of review approved only so much of the sentence as included reduction to pay grade E-3, confinement at hard labor for six months, forfeiture of $70.00 per month for six months, and a bad-conduct discharge.

We granted the petition for review on the issue of whether the statement under oath, referred to in the record as former testimony of a witness, was properly admitted in evidence on behalf of the Government.

The trial was held in Scotland and the record shows that a Mrs. Hardless, a British National, voluntarily appeared at the trial. However, after she refused to testify on the grounds that her testimony might incriminate her under Scottish law, she was excused. Trial counsel then made an offer of prior testimony on the ground that Mrs. Hardless was unavailable as a witness, citing United States v Burrow, 16 USCMA 94, 36 CMR 250.

In laying a foundation for admission into evidence of Mrs. Hardless' former "testimony," the prosecution called Lieutenant Hunt. Hunt testified that he had been ordered "to inquire into the circumstances surrounding the possible compromise and security violation of official U. S. Naval matters which occurred on or about 15 May 1967, in the Holy Loch Area, Scotland." At the investigation conducted by Lieutenant Hunt, Mrs.

Hardless appeared and "testified." Part of her statement or testimony was under oath and part was not under oath. Although no charges had been preferred against the accused at the time of the investigation, he was present thereat and was represented by counsel who was a lawyer in the sense of Code, supra, Article 27(b), 10 USC § 827(b). The accused and his counsel did not cross-examine Mrs. Hardless, although they were afforded this opportunity. As a result of this investigation, Lieutenant Hunt became the accuser on the charge of which accused now stands convicted. The president overruled the defense objection and admitted into evidence that part of Mrs. Hardless' former "testimony" which was under oath.

It is settled that verbatim testimony of a witness taken at an *Article 32 investigation,* where the accused was represented by counsel, and where he had been afforded the opportunity to cross-examine the witness, is admissible if the witness is unavailable to appear and testify in person. United States v Eggers, 3 USCMA 191, 11 CMR 191; United States v Burrow, supra. Both *Eggers* and *Burrow* make it plain that, in the descriptive language of the United States Supreme Court, testimony such as this to be admissible must have been taken at "a full-fledged hearing." Pointer v Texas, 380 US 400, 407, 13 L Ed 2d 923, 85 S Ct 1065, 1069 (1965).

When Mrs. Hardless' testimony was taken at the investigation by Lieutenant Hunt, the accused, as noted, had not been charged nor had he been informed of what, if any, charges might be preferred against him. It was as a result of his investigation that Lieutenant Hunt became the accuser. Thus, the investigation conducted by Lieutenant Hunt was not such an Article 32 investigation as contemplated in *Eggers* and *Burrow,*

68

both supra. Cf. United States v Cunningham, 12 USCMA 402, 405, 30 CMR 402, 405.

We believe that a prerequisite to a "full-fledged hearing," which affords the accused the right to cross-examine of the quality required by law as a predicate to the admission into evidence of former testimony, is that he be first informed of what he has to defend against. Article 32(b), Code, supra, 10 USC § 832(b). If the charges had been referred to trial by general court-martial instead of to a special court-martial, the accused, after having knowledge of the charges, could have demanded the opportunity as a matter of right under Code, supra, Article 32(c), 10 USC § 832(c), to cross-examine Mrs. Hardless. Implicit in this codal provision is the recognition that knowledge of the charge is essential to effective cross-examination.

Charges were preferred on August 22, 1967; they were referred to trial on August 23; and the first day of trial was August 24. The accused waived the three-day waiting period between service of charges and trial. Article 35, Code, supra. Had this case been referred to trial by *general* court-martial, and had the accused made a request to cross-examine Mrs. Hardless, it is by no means certain that she would have been of a different mind about testifying one day before trial than she was at the trial. However, even if the accused had, at some time before the trial, been given the opportunity to cross-examine Mrs. Hardless, after being informed of the charges against him, it would be her "testimony" taken at the time which would have been admissible into evidence, not her "testimony" taken prior thereto.

In essence, we find that there was no meaningful confrontation between the accused and Mrs. Hardless at the time she gave the alleged former "testimony." Since this "testimony" was extremely damaging to the accused, we must, perforce, reverse. Pointer v Texas, supra. Our disposition of the case on this basis makes it unnecessary to consider the question of whether a witness who refuses to testify is unavailable for the purpose of admitting into evidence his former testimony. Cf. Douglas v Alabama, 380 US 415, 13 L Ed 2d 934, 85 S Ct 1074 (1965).

The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge QUINN concurs.