UNITED STATES, Appellant

v

JACKIE SHAFFER, Sergeant, U. S. Air Force, Appellee

18 USCMA 362, 40 CMR 74

No. 21,650

May 23, 1969

*Major James A. Johnson* argued the cause for Appellant, United States. With him on the brief was *Colonel James R. Thorn.*

*Colonel Bertram Jacobson* argued the cause for Appellee, Accused. With him on the brief was *Colonel Joseph E. Krysakowski*.

## Opinion of the Court

DARDEN, Judge:

The accused's conviction of several housebreakings and larcenies, in violation of Articles 130 and 121, Uniform Code of Military Justice, 10 USC §§ 930 and 921, respectively, has been overturned by a board of review holding that when witnesses are present at trial but refuse to testify, they are not unavailable in the sense that would permit trial use of their former testimony given at the Article 32 investigation. Their testimony, said the board of review, supplied evidence as to the accused's unlawful entry into each of the buildings described in the specifications. The Judge Advocate General of the Air Force has, in consequence, certified the following question:

"WAS THE BOARD OF REVIEW CORRECT IN HOLDING THAT THE ARTICLE 32 TESTIMONY OF KERN, ISLER, AND WILLIAMS WAS ERRONEOUSLY ADMITTED IN EVIDENCE?"

The substance to the board of review opinion is to be found in the two following paragraphs:

"In the present case, the witnesses were indeed available for they actually appeared at trial, but refused to testify. The circumstance that a witness refuses to testify is not equivalent to a showing of unavailability so as to permit use of former testimony.

"In United States v Barcomb, 2 USCMA 92, 6 CMR 92, the United States Court of Military Appeals held that deposition testimony was inadmissible where the witness was present at trial but refused to testify. We perceive no reason to distinguish between the rules concerning use of deposition testimony and the corresponding rationale under which admissibility of Article 32 testimony is governed. Indeed, Chief Judge Quinn, in his concurring opinion in Burrow, *supra*, applied the standard of Article 49 of the Code, which governs the use of deposition testimony, to the use of Article 32 investigation testimony. Accordingly, under the holding of Barcomb, *supra*, we find that the use of Article 32 testimony of witnesses Kern, Isler, and Williams, was error."

Appellate defense counsel urge the correctness of the board's opinion, contending that United States v Burrow, 16 USCMA 94, 36 CMR 250; United States v Barcomb, 2 USCMA 92, 6 CMR 92; and United States v Obligacion, 37 CMR 861, all lead to a conclusion that the law officer erred, to the prejudice of the accused, in admitting the Article 32 testimony of the accused's accomplices into evidence after they refused to testify at trial relying upon their constitutional privilege, as well as Article 31.

Appellate Government counsel contend, on the other hand, that the board of review misapplied this Court's cases for, in military law, prior Article 32 testimony is admissible in a subsequent trial where necessary prerequisites are met; *i.e.*, if the transcripts are verbatim, if the accused has had full opportunity to cross-examine, and if it is testimony of a person actually unavailable. In this instance, the first two conditions are met, says the Government. Of the last, overwhelming case law supports the conclusion of unavailability under present circumstances. These cases, appellate Government counsel argue, are in harmony with this Court's holding that Article 32 testimony should be treated more like former testimony or a record of a court of inquiry than a deposition. The key to the present question, contend appellate Government counsel, should be not whether the physical presence of the witness can be compelled but instead "the actual obtainability or compellability of his testimony." With this, we are in accord.

In United States v Ledbetter, 18 USCMA 67, 39 CMR 67, a case reversed

for want of a meaningful confrontation, the Court wrote:

"It is settled that verbatim testimony of a witness taken at an *Article 32 investigation,* where the accused was represented by counsel, and where he had been afforded the opportunity to cross-examine the witness, is admissible if the witness is unavailable to appear and testify in person. United States v Eggers, 3 USCMA 191, 11 CMR 191; United States v Burrow, supra. Both *Eggers* and *Burrow* make it plain that, in the descriptive language of the United States Supreme Court, testimony such as this to be admissible must have been taken at 'a full-fledged hearing.' Pointer v Texas, 380 US 400, 407, 13 L Ed 2d 923, 85 S Ct 1065, 1069 (1965)." [*Id.,* at page 68.]

Appellate Government counsel are correct in asserting—other essentials having been shown—that the issue at hand is narrowed factually to the question of whether a claim of privilege renders a witness unavailable so as to justify admission of his prior testimony.

In United States v Barcomb, supra, the prosecution, prior to trial, had secured a deposition on the assumption the deponent would not be available. However, she was present at trial but when called as a witness, she refused to reply to trial counsel's interrogation. Upon being excused by the law officer, her deposition was received into evidence over defense objection. Because the situation in the case did not meet the requirements of Article 49(d), Uniform Code of Military Justice, 10 USC § 849,[1] admission of the deposition constituted error.

In contrast, in United States v Eggers, 3 USCMA 191, 11 CMR 191, when the witness died before trial, this Court held admissible the verbatim record of testimony given at a pretrial investigation. The late Judge Brosman acknowledged the lack of a specific reference in either the Uniform Code of Military Justice or the Manual for Courts-Martial, United States, 1951, on the use of reported testimony secured during the course of a pretrial investigation but saw nothing fatal in this omission, saying:

"We conceive that the pretrial investigation in military practice may properly be identified with the preliminary hearing of criminal law administration in the civilian scene. The following authorities from the latter area support fully the law officer's ruling in the case at bar: Mattox v United States, 156 US 237, 39 L Ed 409, 15 S Ct 337; Motes v United States, 178 US 458, 44 L Ed 1150, 20 S Ct 993; United States v Angell, 11 F 34; United States v Greene, 146 F 796; Baldwin v United States, 5 F2d 133, 134 (CA6th Cir); Kemp v Government of Canal Zone, 167 F2d 938." [*Id.,* at page 194.]

In United States v Burrow, 16 USCMA 94, 36 CMR 250, this Court refused to discredit the reasoning of United States v Eggers, supra, citing as support Pointer v Texas, 380 US 400, 13 L Ed 2d 923, 85 S Ct 1065 (1965). Instead, the opinion extends the use of former testimony to include that of two French nationals who testified at an Article 32 investigation but

---

[1] "(d) A duly authenticated deposition taken upon reasonable notice to the other parties, so far as otherwise admissible under the rules of evidence, may be read in evidence before any military court or commission in any case not capital, or in any proceeding before a court of inquiry or military board, if it appears—

(1) that the witness resides or is beyond the State, Territory, Commonwealth, or District of Columbia in which the court, commission, or board is ordered to sit, or beyond 100 miles from the place of trial or hearing;

(2) that the witness by reason of death, age, sickness, bodily infirmity, imprisonment, military necessity, nonamenability to process, or other reasonable cause, is unable or refuses to appear and testify in person at the place of trial or hearing; or

(3) that the present whereabouts of the witness is unknown."

who were not amenable to process and who had refused to appear voluntarily. Cf. United States v Stringer, 5 USCMA 122, 17 CMR 122; United States v Nichols, 8 USCMA 119, 23 CMR 343.

In United States v Obligacion, 17 USCMA 36, 37 CMR 300, this tribunal next concluded that no parallel could be drawn between pretrial testimony and a deposition taken under Article 49 of the Code. It was also decided that, assuming satisfaction of other prerequisites, Article 32 testimony could be used only where a showing was made of the witness's "actual unavailability to appear and testify in person." *Id.*, at pages 38, 39. This demand is centered upon the testimonial requirement. The appearance of the conjunctive in the quoted phrase signifies that the prevailing need is not simply the witness's appearance but rather his testimony.

Civilian authorities are in accord. Numerous cases are cited that stand for the proposition that use of testimony given at a former trial or preliminary examination of a defendant on trial is permissible, "even though the witness is present in court at the later trial, if the witness invokes a claim of privilege and refuses to testify." Annotation, Former Testimony—Claim of Privilege, 45 ALR2d 1355; McCoy v State, 221 Ala 466, 129 So 21 (1930); Woodward v State, 21 Ala App 417, 109 So 119 (1926); Bridges v State, 26 Ala App 1, 152 So 51 (1933), certiorari denied, 228 Ala 72, 152 So 54, and 292 US 633, 78 L Ed 1487, 54 S Ct 718 (1934); Wyatt v State, 35 Ala App 147, 46 So 2d 837 (1950), certiorari denied, 254 Ala 74, 46 So 2d 847 (1950); State v Stewart, 85 Kan 404, 116 P 489

(1911); State v Woods, 130 Kan 492, 287 P 248 (1930); State v Reidie, 142 Kan 290, 46 P2d 601 (1935); People v Pickett, 339 Mich 294, 63 NW2d 681, 45 ALR2d 1341 (1954), certiorari denied, 349 US 937, 99 L Ed 1266, 75 S Ct 781 (1955); Exleton v State, 30 Okla Crim 224, 235 P 627 (1925); Johnson v People, 152 Colo 586, 384 P2d 454 (1963). See also 29 Am Jur 2d, Evidence, § 758.

"Availability," the court said in People v Pickett, 339 Mich 294, 63 NW 2d 681, 687, 45 ALR2d 1341, "does not mean physical presence alone, but is definitive of 'having sufficient force or efficacy for the object,' which object in this instance is the attainment of Justice through the admission of the witness's former testimony." The court then concluded that where a witness invokes the privilege against self-incrimination he "made himself as 'unavailable' as if he were deceased or absent from the jurisdiction."

The certified question is answered in the negative. The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force for resubmission to a board of review. The board of review may take such action as is not inconsistent with this opinion.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

Neither the Uniform Code of Military Justice nor the Manual for Courts-Martial, United States, 1951, makes specific reference to the admissibility of Article 32 testimony at trial. Articles 49(d)[1] and 50(a),[2] Code, supra, 10

---

[1] "Art. 49. Depositions

. . . . . . .

"(d) A duly authenticated deposition taken upon reasonable notice to the other parties, so far as otherwise admissible under the rules of evidence, may be read in evidence before any military court or commission in any case not capital, or in any proceeding before a court of inquiry or military board, if it appears—

(1) that the witness resides or is

beyond the State, Territory, Commonwealth, or District of Columbia in which the court, commission, or board is ordered to sit, or beyond 100 miles from the place of trial or hearing;

(2) that the witness by reason of death, age, sickness, bodily infirmity, imprisonment, military necessity, nonamenability to process, or other reasonable cause, is unable or refuses to appear and testify in per-

USC §§ 849, 850, respectively, provide for the use of depositions and testimony before a court of inquiry, under certain conditions. Paragraph 145*b*,[3] Manual, *supra*, sets forth the conditions under which *former trial testimony* may be admitted.

The question is not new, however, as it was before us as long ago as United States v Eggers, 3 USCMA 191, 11 CMR 191. There, we held that verbatim testimony of a witness, taken at an Article 32 pretrial hearing at which the accused was represented by counsel and had the opportunity to cross-examine, could be used at the court-martial trial of the accused when the witness was *unavailable to appear and testify in person*. In *Eggers*, the witness had died before trial. And in United States v Burrow, 16 USCMA 94, 36 CMR 250, we approved the use of such testimony where the witnesses were *not present* at trial, they were foreign nationals and not amenable to process by United States authorities and where the prosecution had made a good faith effort to secure their voluntary appearance.

The admission of Article 32 testimony was held to be error in United States v Obligacion, 17 USCMA 36, 37 CMR 300, where, although the witness

was more than one hundred miles away from the place of the trial, the prosecution had made no effort to secure her appearance. And in United States v Ledbetter, 18 USCMA 67, 39 CMR 67, we also rejected the use of such testimony on the ground that the pretrial investigation, at which this evidence was secured, did not meet the requirements of a "full-fledged hearing" as described in Pointer v Texas, 380 US 400, 407, 13 L Ed 2d 923, 928, 85 S Ct 1065 (1965). Cf. United States v Tomaszewski, 8 USCMA 266, 24 CMR 76, where the accused did not have counsel at the Article 32 investigation.

In *Ledbetter*, as in this case, the witness was present but refused to testify. Since we reversed on other grounds, the Chief Judge and I reserved the question of whether a witness who refuses to testify is *unavailable* for the purpose of admitting into evidence his former testimony. My brothers now answer the question in the affirmative. I disagree.

Were it not for the fact that in United States v Barcomb, 2 USCMA 92, 6 CMR 92, we dealt with the admissibility of a deposition and not Article 32 testimony, the decision in that case would be dispositive of the issue. There, as here, the witness was present but, ex-

son at the place of trial or hearing; or

 (3) that the present whereabouts of the witness is unknown."

[2] "Art. 50. **Admissibility of records of courts of inquiry**

"(a) In any case not capital and not extending to the dismissal of a commissioned officer, the sworn testimony, contained in the duly authenticated record of proceedings of a court of inquiry, of a person whose oral testimony cannot be obtained, may, if otherwise admissible under the rules of evidence, be read in evidence by any party before a court-martial or military commission if the accused was a party before the court of inquiry and if the same issue was involved or if the accused consents to the introduction of such evidence."

[3] "145. DEPOSITIONS; FORMER TESTIMONY.

. . . . . .

"*b*. Former Testimony—When at

any trial by court-martial including a rehearing or new trial, it appears that a witness who has testified in either a civil or military court at a former trial of the accused in which the issues were substantially the same (except a former trial shown by the objecting party to be void because of lack of jurisdiction) is dead, insane, too ill or infirm to attend the trial, beyond the reach of process, more than one hundred miles from the place where the trial is held, or cannot be found, his testimony in the former trial, if properly proved, may be received by the court if otherwise admissible, except that the prosecution may not introduce such former testimony of a witness unless the accused was confronted with the witness and afforded the right of cross-examination at the former trial and unless, in a capital case, the witness is dead, insane, or beyond the reach of process."

cept for a few answers, refused to reply to trial counsel's interrogation. The deposition had been previously obtained in the belief that she would be physically unavailable to testify. After repeated efforts to persuade her to testify, the law officer held her in contempt and excused her as a witness. Thereupon, her deposition was received in evidence over defense counsel's objection. We reversed on the grounds that her refusal to testify did not fit any of the special circumstances, listed in Article 49(d), under which deposition testimony is admissible.

It was on the basis of our opinion in *Barcomb,* and the reference to Article 49(d) by the Chief Judge in his separate concurrence in United States v Burrow, supra, that the board of review, in this case, held inadmissible the Article 32 testimony of the witnesses, who, relying on their right to silence under Article 31, refused to testify. The board, in its opinion, perceived no reason to distinguish between the rules concerning use of deposition testimony and the corresponding rationale under which the admissibility of Article 32 testimony is governed.

We specifically rejected this view when urged upon us by the Government in United States v Obligacion, supra. As we there said, at page 38:

". . . The taking of depositions necessarily contemplates their use in evidence at trial in lieu of an unavailable witness, whereas, as we have noted, *testimony taken at the pretrial investigation is not normally recorded for evidentiary purposes.*" [Emphasis supplied.]

It is because Article 32 testimony "is not normally recorded for evidentiary purposes," that I believe my brothers err in this case. It is a fact, well-known by lawyers and judges, that at a preliminary hearing, the civil counterpart of the military investigation conducted under Article 32, the main issue is the establishment by the Government of probable cause sufficient to hold a defendant for trial.

When that is shown, cross-examination is seldom, if ever, used by the defense attorney. He purposefully withholds his questioning until the witness takes the stand and testifies before the triers of fact. A preliminary hearing, therefore, is not, in my opinion, the meaningful confrontation envisioned in Pointer v Texas, supra. The situation in *Pointer* was similar to that which pertained in United States v Tomaszewski, supra, where we reversed because that accused was not afforded lawyer counsel at the Article 32.

The right to *effective confrontation* is not to be lightly regarded. It is a right guaranteed by the Sixth Amendment to the Constitution. Pointer v Texas, supra. In the case at bar, defense counsel had every reason to believe that the witnesses would testify at trial for prior to their testimony at the pretrial hearing they were informed of their right to silence under Article 31. They, at that time, declined to assert that right. Defense counsel undoubtedly was surprised by their claim at trial. The use of the Article 32 testimony not only foreclosed any further and more searching cross-examination, but deprived the triers of fact of the opportunity to observe the demeanor of the witnesses on the stand, a factor to be considered in assessing credibility.

Use of the Article 32 testimony was not the only avenue of recourse open to the Government. The convening authority could have granted one or more of the witnesses immunity from prosecution and thereby secured their testimony at trial. United States v Kirsch, 15 USCMA 84, 35 CMR 56. While I dissented in *Kirsch,* that holding is the law of this Court. Had immunity been granted to one or more of the witnesses, they could not then have refused to testify. Refusal under such circumstances would have subjected them to punishment under the Code. United States v Kirsch, supra.

Where it is within the power of the Government to eliminate the reason for the unavailability of the testimony of the witness, I would not allow the Article 32 testimony to be admitted

into evidence. In my view, the Government, in this case, did not make a *good faith effort* to secure the trial testimony of the witnesses. The Government's good faith effort was the basis for our holding in United States v Burrow, supra. The requirement to make such an effort is, in my opinion, the import of the Chief Judge's separate concurrence in *Burrow*, where he said, at page 100:

"... I would, therefore, require, and we have in fact held, that the party offering the Article 32 testimony establish that the circumstances in the interim between the investigation and the trial have changed and all available means, compulsory or *voluntary*, for obtaining the presence of the witness were tried and proved fruitless. United States v Stringer, 5 USCMA 122, 17 CMR 122."

Cf. United States v Obligacion, supra.

I would affirm the decision of the board of review.