**UNITED STATES, Appellee,**

v.

**Franklin L. DOUGLAS, Private First Class, U. S. Army, Appellant.**

**No. 30,946.**

U. S. Court of Military Appeals.

March 19, 1976.

---

**4.** *Id.* at 312, 38 C.M.R. at 110.

*Captain Sammy S. Knight* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey* and *Major Richard J. Goddard.*

*Captain Larry R. McDowell* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Major Steven M. Werner,* and *Captain Richard S. Kleager.*

1. A charge alleging indecent liberties with a minor was dismissed by the trial judge on sufficiency grounds.

2. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832.

OPINION OF THE COURT

FLETCHER, Chief Judge:

At his trial by general court-martial on charges of indecent exposure and communicating obscene language to a female,[1] the appellant objected to the Government's key proffer of evidence, a transcript of the alleged victim's testimony offered during the Article 32 investigation.[2] As a preliminary matter, the prosecution first established the requisite unavailability of the witness through live testimony of the victim's first sergeant as well as morning report entries which demonstrated the witness' absence without authority from her unit. *United States v. Obligacion,* 17 U.S.C.M.A. 36, 37 C.M.R. 300 (1967). In addition, the Government offered testimony to prove that the accused was represented by counsel who was afforded full opportunity to cross-examine during the Article 32 hearing. *United States v. Ledbetter,* 18 U.S.C.M.A. 67, 39 C.M.R. 67 (1968). *See also Mancusi v. Stubbs,* 408 U.S. 204, 213, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); *Pointer v. Texas,* 380 U.S. 400, 407, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

To establish the completeness of the Article 32 transcript, the prosecutor called Specialist Four John Rigg, who testified that he was the "legal clerk who took down notes at the investigation." Specialist Rigg went on to indicate that he did not put down every word that was said but merely summarized thoughts and ideas. He later summarized these notes into "a coherent, smoothly flowing narrative" which the investigating officer authenticated. It is this "summarization of a summarization" which the accused challenged as nonverbatim and hence inadmissible former testimony.[3]

In overruling the defense objection, the trial judge concluded that this Court's decision in *United States v. Norris,* 16 U.S.C.M.A. 574, 37 C.M.R. 194 (1967), requiring

3. Our disposition of this assignment of error makes it unnecessary to decide the additional issue granted.

that such testimony be verbatim, had been modified to a lesser standard of completeness by paragraph 145*b* of the present Manual[4] which was promulgated after our decision in *Norris.*

While Article 36 of the Uniform Code does confer upon the President authority to prescribe rules of court-martial procedure "which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts," such rules "may not be contrary to or inconsistent with [the Uniform Code of Military Justice]."[5] Thus, it is not enough to state that the Manual modified a decision of this Court. The inquiry must proceed to an examination of whether the Manual provision itself is in conflict with the Code.

Interpreting Article 54, Uniform Code of Military Justice, 10 U.S.C. § 854, this Court has long required that the proceedings of a general court-martial such as the one before us be substantially verbatim. *United States v. Webb,* 23 U.S.C.M.A. 333, 49 C.M.R. 667 (1975); *United States v. Boxdale,* 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973); *United States v. Nelson,* 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953). Necessarily included within this concept is the requirement that the testimony of the principal government witness be verbatim, whether it be live testimony or prior testimony. It would be incongruous to bar a trial judge's reconstruction of a witness' testimony while at the same time allowing an Article 32 clerk's resummarized transcript to qualify as verbatim testimony. *United States v. Randall,* 22 U.S.C.M.A. 591, 48 C.M.R. 215 (1974). *See also United States v. Weber,* 20 U.S.C.M.A. 82, 42 C.M.R. 274 (1970). The

trial judge, therefore, erred in admitting the transcript into evidence. *United States v. Ledbetter, supra; United States v. Norris, supra.* To the extent that paragraph 145*b,* Manual for Courts-Martial, United States, 1969 (Rev), relaxes the statutory requirement that the record of trial be verbatim, it exceeds the President's authority under Article 36, UCMJ, and is inoperative. Exclusion of the victim's Article 32 testimony leaves insufficient evidence to warrant a rehearing.[6]

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside. The charges are ordered dismissed.

Senior Judge FERGUSON concurs.

COOK, Judge (concurring in part and dissenting in part):

I agree with the majority's determination that the admission into evidence at trial of the summary of the witness' testimony at the Article 32 investigation constituted prejudicial error, but I disagree with the disposition directed by them.

Error in the admission of evidence is usually correctable by authorization of a retrial. *See United States v. Ward,* 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975); *United States v. Schnell,* 23 U.S.C.M.A. 464, 50 C.M.R. 483, 1 M.J. 94 (1975). That course may be inappropriate when it is apparent from the record that admissible substitute evidence of a fact essential to conviction is not available; in such instances, the charge can be ordered dismissed. *United States v. Jordan,* 1 M.J. 334 (1976). Here, the witness who could not be found at the original trial might now be available and properly subject to call by the Govern-

---

4. Manual for Courts-Martial, United States, 1969 (Rev).

5. *See generally United States v. Ware,* No. 30,-468, 1 M.J. 282 (1976); *United States v. McFadden,* 19 U.S.C.M.A. 412, 42 C.M.R. 14 (1970); *United States v. Johnpier,* 12 U.S.C.M.A. 90, 30 C.M.R. 90 (1961).

6. Before authorization of a rehearing is appropriate, there must exist sufficient evidence at

the time of the *original trial* to conclude that the Government might prevail at a rehearing even absent the excluded testimony or evidence. To adopt the dissent's approach of examining potentially available evidence at the time of appeal would allow the Government impermissibly to benefit from its own error and thereby to profit from the lengthy appellate process.

ment. It is, therefore, inappropriate, in my opinion, to dismiss the charge. I would return the case to the convening authority to allow him to determine, in his discretion, whether a rehearing is feasible.[1]

---

1. Although the disposition directed by the majority renders unnecessary any consideration of the other issues, I think it worthwhile to note that, in my opinion, it was also prejudicial error to deny a request that a psychiatrist who had examined the accused before trial be called as a defense witness. *See United States v. Iturralde-Aponte,* 1 M.J. 196 (1975).