**UNITED STATES**

v.

**Robert E. BENDER, 163 62 8831, Aviation Machinist's Mate Airman (E–3), U.S. Navy.**

**NMCM 90 0122.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 13 Oct. 1989.

Decided 22 March 1991.

Order on Denial of Reconsideration April 10, 1991.

LT Wade W. Parrish, JAGC, USNR, Appellate Defense Counsel.

LT Jacob R. Walker, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before MITCHELL, FREYER and HOLDER, JJ.

FREYER, Judge:

■ The appellant assigns as errors the military judge's alleged failure to give a misconduct-not-charged instruction in regard to Prosecution Exhibit 3, a service-record entry showing that the appellant's recommendation for advancement to third-class petty officer had been withdrawn and containing the appellant's acknowledgement thereof, and the military judge's refusal to grant a mistrial in response to a question by the senior member adverting to the absence of evidence in extenuation offered by the defense. We find no merit in either assignment of error. The situation created by the senior member's question was promptly and, in our opinion, effectively addressed by the military judge at trial through voir dire and instruction, and we see no reason to disturb his disposition of the motion for a mistrial.

■ Although the parties assert that he gave no misconduct-not-charged instruction, the military judge did address himself to the members as follows:

> Before I recess, I'd like to caution you concerning Prosecution Exhibit 3. That document indicates that the accused's recommendation for advancement was withdrawn at some point in time. I want to advise you that you can only consider that document or (sic) its relevance, if any, to the charges and specifications before the court. You are not to draw any adverse inference specifically to this accused as a bad person or—any you may not speculate beyond what the document says.

Tr. 155–56.

In light of the charges, which included impersonating a petty officer, possessing a false armed forces identification card, and falsifying an application for the same by stating therein that he was a third-class petty officer, a more ample instruction might have been given, such as the following:

> Prosecution Exhibit 3 has been admitted for the limited purpose of such tend-
> ency, if any, as it may have to establish the accused's actual knowledge that he was not a petty officer and to rebut evidence of mistake on his part as to whether or not he was a third-class petty officer. You may consider it for no other purpose; specifically, you may not infer from it that the accused is a bad person who is predisposed to commit offenses and that he must, therefore, be guilty of the offenses charged against him.

The instruction actually given was, to be sure, less complete than our exemplar, but the defense counsel not only did not object to it; he expressly concurred in it. In the absence of plain error, which we certainly do not find, any claim of error on appeal based on the instruction given has been waived.

■ Pursuing the theme of waiver, we are surprised to see that, without any indication of an express waiver, two additional charges, with one specification each, were preferred and referred for trial without having been investigated in accordance with Article 32, Uniform Code of Military Justice. This situation apparently arose in response to a recommendation of the Article 32 investigating officer premised on the odd notion that any additional charges may be preferred at the conclusion of an Article 32 investigation and referred for trial by general court-martial if only there is, in retrospect, sufficient evidence in the report of investigation to warrant them. Since an Article 32 investigation investigates *not offenses but charges*, specifically those charges which, after preferral, are referred to it for investigation, the correct procedure when evidence of additional offenses arises during an investigation is to recommend to the appointing authority that additional charges be preferred and referred for investigation *while the investigation is still in progress. See United States v. Everman*, 40 C.M.R. 755 (A.B.R.), *pet. denied*, 40 C.M.R. 327 (C.M.A.1969); *see also United States v. Louder*, 7 M.J. 548 (A.F. C.M.R.), *pet. denied*, 7 M.J. 328 (C.M.A. 1979). Alternatively, if the investigation has concluded, it may be reopened for the

purpose of investigating the additional charges. Inasmuch as the appellant entered pleas without objecting to the reference for trial or moving for appropriate relief, any deficiencies in compliance with Article 32 in this case have been waived, even in the absence of an express waiver. Rules for Courts–Martial 601(d)(2) and 905(b)(1), Manual for Courts–Martial, United States, 1984.

■ Under the circumstances of this particular case, we deem Charge I, Specification 3 (possession of an unauthorized armed forces identification card with intent to deceive) to be "fairly embraced" by Charge I, Specification 1 (impersonation of a petty officer by, *inter alia,* showing the credentials of a third-class petty officer). We direct that these specifications be consolidated, in accordance with *United States v. Sorrell,* 23 M.J. 122 (C.M.A.1986) (footnote 1). Since the military judge ruled them multiplicious for sentencing and so instructed the members, no reassessment is necessary.

The findings of guilty, as thus modified, and the sentence, as approved on review below, are affirmed.

Senior Judge MITCHELL and Judge HOLDER concur.

### ORDER ON RECONSIDERATION

The Government has petitioned for reconsideration of a portion of this Court's opinion in *United States v. Bender,* 32 M.J. 1002, (N.M.C.M.R. 22 March 1991), holding that charges preferred after the conclusion of an Article 32 investigation were referred without proper investigation but that any error was waived. While we question whether or not Rule 22, Courts of Military Review Rules of Practice and Procedure, confers upon the Government a right to petition for reconsideration of a decision entirely in its favor because it would have preferred to prevail on a different legal basis, we have, nevertheless, chosen to respond briefly to the Government's concerns.

The legislative history of Article 32(c) strongly suggests that it is intended to apply to investigations other than Article 32 investigations, specifically courts of inquiry and, in the Naval service, the so-called formal JAG Manual investigations. *United States v. Gandy,* 9 U.S.C.M.A. 355, 26 C.M.R. 135 (1958). Moreover, in support of our distinction between mere offenses and actual charges, as applied to a retrospective examination of the report of an Article 32 investigation, we quote the following from *United States v. Ledbetter,* 18 U.S.C.M.A. 67, 39 C.M.R. 67 (1968):

> We believe that a prerequisite to a "full-fledged hearing," which affords the accused the right to cross-examine of the quality required by law as a predicate to the admission into evidence of former testimony, is that he be first informed of what he has to defend against. Article 32(b), Code, supra, 10 USC § 832(b). If the charges had been referred to trial by general court-martial instead of to a special court-martial, the accused, after having knowledge of the charges, could have demanded the opportunity as a matter of right under Code, supra, Article 32(c), 10 USC § 832(c), to cross-examine Mrs. Hardless. Implicit in this codal provision is the recognition that knowledge of the charge is essential to effective cross-examination.

18 U.S.C.M.A. at 69, 39 C.M.R. at 69.

While we have found a lone Army Board of Review case which sought to apply Article 32(c) to an Article 32 investigation, the salient feature of that case is that the investigating officer expressly confronted the accused with the *corpus delicti* of a second instance of the same offense with which the accused was charged and proceeded, *without objection,* to investigate it precisely as if it had been charged. *United States v. Holstron,* 37 C.M.R. 910 (A.B.R. 1967). Thus, the case stands only for the proposition that, in the absence of objection at the pretrial or trial stage, form will not be elevated over substance at the appellate level. It in no way authorizes a convening authority to rummage through a report of an Article 32 investigation for evidence of offenses not charged and to refer newly

preferred charges based thereon for trial by general court-martial without proper investigation.

We adhere to our decision refusing to sanction such practices, although we note that the practical consequences thereof are minimal, since the appropriate remedy is normally not dismissal but merely further investigation, and then only when the defense preserves the issue through timely objection or motion for appropriate relief.

It is, therefore, this 10th day of April, 1991, ORDERED:

That the Government Petition for Reconsideration be, and the same is hereby, denied.